J. J. LANE v. W. B. RICHARDSON.

*Contract—Joint Obligors—Judgment.*

A judgment suffered by one of several joint obligors on a sealed in-strument for the payment of money maturing before the adoption of the C. C. P. Title IV, being a proceeding *in invitum*, is not such an acknowledgment by the judgment debtor of a *willingness* to pay, notwithstanding the statutory presumption of payment, as will bind his co-obligors.

(*Walton* v. *Robinson*, 5 Ire. 341 ; *Davis* v. *Coleman*, 7 Ire. 424, cited and approved.)

CIVIL ACTION commenced in a Justice's Court and tried on appeal at Fall Term, 1877, of MOORE Superior Court, before *Seymour, J.*

On the 6th of February, 1875, a summons was issued in the name of E. A. Craven who was then the owner of the note, which is the subject of this action, and directed to Killis Gibbs, A. M. McNeill and W. B. Richardson, the defendant, requiring them to appear before the Justice and answer, &c., or judgment would be taken against them for the sum due upon a note executed by them for two hundred dollars. The summons was served on Gibbs only and judgment was rendered against him. Subsequently a summons was issued in the name of the plaintiff, and served on the defendant, under Bat. Rev. ch. 17, § 318, who appeared and answered by setting up the statute of limitations as a defence to the action. It was admitted that at the time the summons issued in the name of Craven v. Gibbs and others, the presumption had not arisen ; that at the time the summons issued in the name of J. J. Lane v. W. B. Richardson, more than ten years had elapsed since the execution of the note sued on ; and that since the rendition of the aforesaid judgment and before the commencement of this proceeding, the plaintiff became the owner of the note and judgment.

His Honor being of opinion upon the facts that the judgment suffered by Gibbs was an admission not only that Gibbs had not paid the note, but that it was unpaid, and that the admission of one joint maker rebutted the presumption as to all, rendered judgment for the plaintiff, and the defendant appealed.

*Mr. J. W. Hinsdale,* for plaintiff.
*Mr. Neill McKay,* for defendant.

FAIRCLOTH, J. A and B make and deliver their promissory note under seal for the payment of money. Before the presumption of payment arises A is sued on said note and judgment by default is entered against him. After the lapse of ten years from the date and maturity of the note B was notified under the provisions of C. C. P. § 318, to show cause why the judgment should not stand against him, as if he had been originally summoned. B relies on the presumption of payment and the statute of limitations. The contract being made before 1868 and action brought afterwards, the statutes and law in force before that year are applicable. C. C. P. § 16.

At common law any act or admission of the existence of the debt, from which the law could imply a promise to pay it, made by one partner before or after a dissolution of the partnership, or by one joint debtor made before or after the presumption of payment or the bar of the statute, would repel the presumption or bar which would otherwise have protected the other debtors; and this was so notwithstanding the act, Rev. Code, ch. 31, § 84, making all contracts joint and several, on the principle that the debtors were co-contractors and jointly liable for the debt.

By our act of assembly in 1852, Rev. Code, ch. 65, § 22, following substantially 9 Geo. IV ch. 14, it is enacted that no such act or admission done or made *after* the dissolution

-of the partnership, or *after* the debt shall be barred, shall be received as evidence to repel the statute, but as against the party doing the act or making the admission or acknowledgment. The question therefore is whether the judgment by default amounts to such an admission by Gibbs as will deprive the defendant of the benefit of this statute and the lapse of time.

It makes no difference whether the debtors are all principals or whether they are in part sureties.

They are co-contractors and are *jointly* liable to the creditor. In some of the States it is held that an acknowledgment of the debt and an *actual* promise to pay it is necessary to repel the effect of the statute. This does not however appear to be the better opinion, which is that an implied promise is sufficient, and this will always arise from the direct and unqualified acknowledgment of the existence of the debt, when there is nothing in the admission nor any attending circumstance which repels the intention to pay. For instance, when a creditor receives a dividend from an assignee in bankruptcy of his debtor, it would be absurd to say that the petitioner by filing and admitting the correctness of the debt, meant thereby to indicate a willingness to pay it, beyond his assets, and therefore the law could not imply such promise. In one case where the defendant said the debt was just and ought to have been paid long ago by his partner, but "he did not think he ought to pay," this Court hesitated and declined to say that the implication was sufficient to repel the bar of the statute. *Walton* v. *Robinson*, 5 Ire. 341. In *Moore* v. *The Bank of Columbia*, 6 Peters 92, the Supreme Court said, "where there is no express promise there must be an unqualified and direct admission of a subsisting debt which the party is willing to pay."

Payment in person or by agent was held to be sufficient before the act of 1852, *Davis* v. *Coleman*, 7 Ire. 424, and

would be so now if made within time, and it is even so when made by a stranger voluntarily, if afterwards ratified by the debtor. *Walton* v. *Robinson, supra.*

The implied promise must arise out of the act done or admission made and not depend upon the original agreement, except that it may be supported by the same consideration.

In the case under consideration no act or actual promise is alleged and the action was *in invitum* against Gibbs, and the judgment by default therein was at the instance of the plaintiff by the force of the law and not by the consent of the debtor. We therefore think there was no such admission as showed a willingness to pay the debt on the part of the debtor and consequently the defendant is not liable.

Error.

PER CURIAM. Judgment reversed.