M. A. ROGERS, Ex'trx, v. A. K. CLEMENTS, *et. al.*

*Issues—Presumption of Payment—Evidence—Assignment by Distributees—Cessat Executio.*

1. Where no issues are eliminated and submitted to the jury, but the record shows "that the jury find all issues in favor of the plaintiff," the Court will understand it to mean all matters in controversy arising on the pleadings are as found for the plaintiffs. Necessity of eliminating issues as required by The Code commented on by Smith, C. J.

2. Where a bond, executed by two obligors, is presumed to be paid by the lapse of time, the declarations of one of the obligors is not competent to rebut the presumption as to the other.

3. In order to rebut the presumption of payment, it must be proved that the bond has not been paid by any of the debtors. The separate acknowledgment of one debtor is not even sufficient to charge him.

4. Where, in an action by an executor, the defendant pleads that the fund is not needed for the payment of debts, and that he has purchased the interest of a number of the legatees; *Held*, that while it cannot defeat the action, yet upon paying the amount of the shares which he has not purchased, the defendant is entitled to a *cessat executio*.

(*Campbell* v. *Brown*, 86 N. C., 376, and *Baker* v. *The Railroad Company*, 91 N. C., 308, cited and approved.)

6

This was a CIVIL ACTION, tried before *Avery, Judge,* and a jury, at March Special Term, 1884, of WAKE Superior Court.

The plaintiff in her complaint alleged that the defendants, on the 28th day of October, A. D., 1857, executed to one G. H. Alford their note, under seal, for the sum of $900, payable one day after date; that said note was afterwards endorsed by said Alford for value to Mary A. Rogers, the testatrix of the plaintiff, and that on the 15th day of October, 1859, the interest then due on said note had been paid, and also $193.80 of the principal, and that no other payments had been made thereon. The defendant W. W. Clements filed no answer, and the defendant A. K. Clements filed an answer, in which he denied the execution of said note, alleged payment of the same, and also a release of said note by the plaintiffs, Maulsey A. Rogers, Pamelia Collins, and Nancy B. Goodwin, who, with the said A. K. Clements, were legatees under the will of the plaintiff's testatrix, and as such solely entitled to the proceeds of said note at the date of said release, and that said proceeds were not necessary for the payment of any debts or charges against the estate of said testatrix, or for any other purpose connected with said estate.

One H. C. Olive was introduced as a witness for plaintiff, and plaintiff proposed to show by him, in order to rebut the presumption of payment by W. W. Clements, that the said W. W. Clements, in the absence of the defendant A. K. Clements, declared that he had not paid the note sued on. The defendant A. K. Clements objected. The plaintiff insisted that the *onus* was on her to rebut the presumption of payment as to both defendants, in order to recover of the defendant A. K. Clements, and the declaration was admissible to show that W. W. Clements did not pay. The objection was overruled, and defendant excepted.

The witness then testified that in the latter part of the year 1881 or 1882, said W. W. Clements told witness, in the absence of A. K. Clements, that said note had not been paid by him. The said A. K. Clements further objected, because it appeared

that said W. W. Clements made said statement after the presumption of payment had arisen. Objection overruled and defendant excepted.

Witness, upon cross-examination, testified that by the will of Mary A. Rogers, a small tract of land was devised to a colored woman, and that all the balance of the estate, both real and personal, was devised one-fourth each to J. W. Rogers, A. K. Clements, Nancy B. Goodwin, absolutely, and the remaining fourth to Pamelia Collins for life, and after her death to her children. That said Pamelia Collins died about the middle of August, 1881, after the death of Mary Ann and John W. Rogers, leaving a number of children, who are not parties to this action. That said John W. Rogers died, leaving a will which has been duly admitted to probate, in which the said Maulsey Ann Rogers is executrix and sole legatee. That the estate of Mary Ann Rogers was solvent, and perfectly good for all liabilities outside of this note sued on, and of the devise to the colored woman above named, and that said liabilities, so far as they had been ascertained, could be satisfied out of the personal property of the estate without resorting to the note sued on.

The defendant A. K. Clements then offered to prove the execution by the said Maulsey A. Rogers, Pamelia Collins and Nancy B. Goodwin, of the following words endorsed on the back of the note sued on: "We, the legatees of Mary A. Rogers, deceased, hereby agree to release A. K. Clements from the payment of the within note, or any part thereof. This September 22, 1880. Witness our hands and seals.

MAULSEY A. ROGERS, (*Seal*).

PAMELIA COLLINS, (*Seal*).

NANCY B. GOODWIN, (*Seal*).

Test: H. C. OLIVE.

The plaintiff objected to the introduction of this evidence, and it was excluded by His Honor, upon grounds not material to be stated.

The defendant A. K. Clements, at the close of the evidence,, asked the Court to instruct the jury:

1st. If the presumption of payment is not rebutted as to W. W. Clements, the jury must find the issue upon the question of payment in favor of the defendant.

2nd. There is no evidence rebutting the presumption of payment by the said W. W. Clements.

His Honor gave the first and refused the second instruction, and the defendant excepted.

The record does not show that any issues were submitted to the jury, but states that the jury find all issues in favor of the plaintiff.

There was a judgment for the plaintiff, and the defendant appealed.

*Messrs. D. G. Fowle, Fuller & Snow* and *E. C. Smith,* for the plaintiff.

*Messrs. A. M. Lewis & Son* and *Strong & Smedes,* for the defendant.

SMITH, C. J.    The complaint alleges the execution of the bond set out therein by the defendants, and its endorsement to the plaintiff's testatrix, and the action is to recover the residue remaining unpaid.    No defence is made by the defendant W. W. Clements, and the defendant A. K. Clements, in his answer, relies upon the statutory presumption raised by the lapse of time since the obligation became due, and in subsequent amendment sets up an alleged release from a portion and the larger number of those entitled to the estate of the testatrix, accompanied with an averment, that there were not, nor are there now, any unpaid debts or charges requiring the collection.

There were no issues eliminated and submitted to the jury, as is expressly prescribed by The Code, sections 395 and 396, though in the record it is stated that "the jury find all the issues in favor of the plaintiff," or, as we must understand, all matters

in controversy arising upon the pleadings. We pause to say that this statutory requirement must be complied with, not alone because it is a legislative mandate, but because under the present system it conduces to a clear and distinct apprehension of the disputed fact and the pertinency of the evidence which may be offered.

The controversy seems from the case stated to have been confined to the defence of presumed payment, and evidence introduced in rebuttal, and that offered and rejected in support of the release as an abatement of the demand. The exception to the denial of an instruction asked for the defendant, depends upon the competency of testimony the admission of which takes away the force of the exception.

The plaintiff was allowed, after objection, to prove a declaration made by the other defendant in the absence of the appellant, and after the presumption had been raised that he had not paid the debt. This declaration was admitted to show non-payment by that obligor, it being necessary to prove non-payment by both in order to remove the presumption as to each under the ruling in *Campbell* v. *Brown*, 86 N. C., 376, and antecedent cases referred to in the opinion.

The testimony would seem to be superfluous in presence of the fact that the obligor W. W. Clements, in failing to answer, and exposing himself to a judgment by default, had, in the most effectual way, admitted his own continued liability, and the declaration was not needed as an acknowledgment affecting himself. But it is received as evidence against the appellant, and to take from him the protection of the statute and defeat his defence. The effect given it is to charge the appellant, not his co-obligor, whose liability is already definitely fixed by his failing to contest the allegations of the complaint. As the lapse of time raised a presumption of payment made by some, not designating whom, of the debtors, the repelling evidence must extend to embrace all, and to charge either it must be shown that payment has been made by none. The separate acknowledgment of one debtor

that he has not paid the debt is insufficient to charge him even, unless it is also shown that none of the others had made payment.

In *Campbell* v. *Brown,* 86 N. C. 376, Ruffin J., in a well considered review of the cases, remarks that "even if there should be evidence of an acknowledgment sufficient to repel the presumption of payment as to one of two makers of a bond, still if the presumption was not repelled as to the other, the case would come within the rule as to both and both would be protected by the statutory presumption."

While therefore, in order to establish the continuing obligation of the appellant and remove the presumption raised for his benefit, it was necessary to show that payment had not been made, as well by the non-contesting obligor, as by the former, the proof offered and received was not of the *fact* but of his *declaration of the fact,* made, too, after the presumption had arisen. The declarations as acknowledgments of the debtor making them are admissible to charge him, but are they competent to charge the appellant, uttered in his absence, where they would not if untrue be contradicted by him? They are but hearsay—unsworn statements coming from one not a party to the issue. Upon principle and authority they are clearly inadmissible and their exclusion results from the necessity of disproving the assumed fact that the debt had been extinguished by some of the debtors, of which acknowledgments can only be received as evidence against him from whom they came and to affect his personal liability.

This error renders a new trial necessary, but as the other defence arising out of the alleged release may again come up, should its execution be proved, it is proper for us to suggest that, while it cannot defeat the action, if there are no reasons for the fund passing into the hands of the plaintiff, except at once to account for and pay over to those entitled under the will, the judgment should not be enforced against the defendant as to the shares embraced in the release, but only for the benefit of those who retain their shares. Upon payment of the latter a perpetual

*cessat executio* should be entered. This is the course pursued in *Baker* v. *Railroad*, 91 N. C. 308, and is appropriate to the present action if the obstacle to a recovery should be put out of the way in another trial.

There is error and this will be certified to the end that a *venire de novo* be awarded.