MAULSEY A. ROGERS, Ex'r of M. A. Rogers, v. W. W. CLEMENTS and A. K. CLEMENTS.

*Payment—Presumption—Limitations—Bonds.*

1. The statute, Rev. Code, ch. 65, §18, declaring a presumption of payment after ten years, embraced bonds or "single bills," as well as promissory notes and other demands therein designated.

2. The admission by one obligor in a bond that the debt has not been paid, will not rebut the presumption of payment in favor of the other obligors; nor will the naked admission of the obligor sought to be charged have that effect, as the presumption of payment by the other obligors still remains.

3. The presumption against the obligor sought to be charged is not rebutted by the recovery of judgment by default against his co-obligor within ten years.

(*Pearsall* v. *Houston*, 3 Jones, 346; *Campbell* v. *Brown*, 86 N. C., 376; *Rogers* v. *Clements*, 92 N. C., 81, and *Lane* v. *Richardson*, 79 N. C., 159, cited and approved).

CIVIL ACTION, tried before *Shepherd, Judge,* at April Term, 1887, of WAKE Superior Court.

This action was begun on the 29th day of December, 1881, to recover the balance due on the single bond of W. W. Clements and A. K. Clements for the sum of $900, dated the 28th day of October, 1857, and due one day from date, made payable to G. H. Alford, and by him endorsed on the 30th of August, 1858, to the testator of the plaintiff. The interest then due, and the further sum of $193.80, was paid on the 18th of·October, 1859, and a credit therefor was entered on the back of the bond.

The defendant A. K. Clements pleaded payment and relied on the statute of presumption of payment.

This issue among others was submitted to the jury:

" Has the said note been paid?"

On the trial, the plaintiff introduced as a witness George W. Atkinson, and proposed to prove by him that in 1871 or 1872, W. W. Clements stated to him that the bond sued upon was then due and unpaid, and that he had not paid the bond and that it was unpaid as far as he was concerned.

This testimony was, upon objection by the defendant, excluded by the Court, and plaintiff excepted.

The plaintiff also introduced H. C. Olive, who testified that in 1880, he asked defendant A. K. Clements if he had ever paid the note; that defendant said no, and that he never intended to pay it. This was in 1880, and since the death of Jno. W. Rogers.

The plaintiff proposed to prove by this witness that in 1881 or 1882, W. W. Clements acknowledged to him that he had not paid the note.

Defendant objected to this and the testimony was excluded. Exception by plaintiff.

The plaintiff also read in ·evidence a judgment taken against W. W. Clements upon this very note at a former term, for want of an answer, as follows:

" This action being tried before his Honor and a jury, and all issues being found in favor of the plaintiff, it is considered by the Court that the plaintiff recover of the defendant the sum of $1,740.78, with interest on $706.20 from the 15th March, 1884, till paid, and for costs, to be taxed by the clerk.

It is further adjudged, that the note upon which judgment is rendered was executed by the defendant on the 28th of October, 1857."

The plaintiff introduced no other testimony, and the Court intimating an opinion that the presumption of payment had not been rebutted, the plaintiff submitted to a nonsuit and appealed.

*Mr. D. G. Fowle*, for plaintiff.
*Messrs. A. M. Lewis* and *E. R. Stamps*, for the defendants.

MERRIMON, J., (after stating the case). It is too well settled to admit of further question, that when the single bond of co-obligors is presumed by the lapse of ten years next after its maturity to be paid, as provided by the statute (Revised Code, Ch. 65, §18), such presumption of payment can not be rebutted so as to charge one of such obligors, by the naked admission of the other that the bond had not been paid, made in the absence of the obligor sought to be charged.

The simple admissions of the obligor sought to be charged is not sufficient to rebut the presumption of payment, because the bond may have been, and the presumption in such case is, that it was paid by the co-obligor, and the like admissions of the latter, made in the absence of the former, are insufficient to repel the presumption as to the former, because such admissions are mere hearsay, and therefore incompetent evidence and cannot be heard. The co-obligors do not stipulate by implication in the joint obligation—the bond—that each may bind the other by his admissions, made

after the bond shall be due ; if this ever was so in principle, it certainly did not remain so after the enactment of the statute (Rev. Code, ch. 65, §22,) which provided that such admissions shall not rebut the presumption of payment created by statute.

The learned counsel for the appellant contended earnestly on the argument here that this statute did not embrace single bonds, and the presumption of payment of them ; that it extended only to promissory notes, and admissions of parties made after the dissolution of the partnership. This is a misapprehension of the meaning of the statute. Such bonds in this State are made negotiable, and they and promissory notes are put on the same footing with inland bills of exchange by the statute. (Rev. Code, ch. 65, §22). They are denominated in this statute, "bonds or sealed notes," and are treated as promissory notes under seal. When therefore the statute (Rev. Code, ch. 65, §22) embraces in terms, " suits to recover any debt or demand due from any firm after the dissolution thereof, or the makers of *any* promissory note," &c., it embraces suits to recover debts due from the makers of single bonds—*sealed notes*—to which the statute of presumption of payment applies, as well as the class of promissory notes that may be absolutely barred by the statute of limitation. It is insisted that §22 applies only to the latter class of notes, because it employs the terms, " after the statute of limitation shall have barred the same," that is, the promissory note.

This is a very narrow interpretation, and one that does not remedy the evil intended to be suppressed. Why should such declarations and admissions of a partner, made after dissolution of the partnership, and the like admissions of one of two or more makers of a particular class of promissory notes, be rejected as incompetent evidence, and the like admissions of a co-obligor in a single bond received as competent? We can conceive of no substantial reason for such

distinctions, and the necessity for the application of this remedial provision is as great in the one class as the other class of promissory notes. The words just recited are clearly used in a comprehensive and remedial sense, and apply generally, whenever pertinent, to the statute of limitations, of which the section of which they are part is a part. The presumption of payment provided for is embodied in §18 of the statute of limitations, and it is construed to embrace single bonds, though they are not named in terms. This section, though not strictly a statute of limitations, is so denominated in a general sense, and hence it is made a part of the chapter denominated in the Revised Code "*Limitations.*" And although it does not create an absolute bar, it does, in a sense, create a conditional bar, such as is embraced in §22, referred to above.

This, we think, is a reasonable interpretation of the statutory provisions referred to, but if it were otherwise, it has been repeatedly decided expressly in several cases, that such admissions and declarations of the co-obligor as those excluded on the trial, were not competent evidence as against the co-obligor sought to be charged. We cannot, for a moment, think of disturbing these decisions. On the contrary, we again declare that they are founded in principle—are just and reasonable. *Pearsall* v. *Houston*, 3 Jones, 346; *Campbell* v. *Brown*, 86 N. C., 376; *Rogers* v. *Clements*, 92 N. C., 81.

The judgment taken against the co-obligor by default, or for want of an answer, put in evidence on the trial by the plaintiff, as to the defendant, could have no greater force or effect than his admissions or declarations—it could hardly be treated as an admission at all, not even by implication—it was not founded upon his admission or confession, but upon his default; it might be questioned whether the plaintiff in this judgment was entitled to have it for the debt by such default, as upon the face of the bond it appeared to be paid. *Lane* v. *Richardson*, 79 N. C., 159. This, however, is

not material here.  It is clear that the judgment, put in evidence, could not effect the present defendant, as insisted by the plaintiff.  *Rogers* v. *Clements, supra.*

We think the Court properly excluded the declarations of the co-obligor.  Judgment affirmed.

No error.                                                 Affirmed.