A. CARTWRIGHT, Adm'r of NATHAN RICHARDSON, v. HENRY A. KERMAN.

*Admissions—Presumption of Payment—Evidence.*

In an action against the principal obligor in a bond, executed prior to 1868, his admission that neither he nor his surety have paid the bond is sufficient to rebut the presumption of payment, nothing else appearing.

This was an ACTION, tried before *Boykin, J.*, at February Term, 1889, BEAUFORT Superior Court.

The action was begun before a Justice of the Peace in 1888, on a joint bond signed by defendant and one Jordan, June 10, 1867, for the sum of $90.50, and thence by appeal came to the Superior Court. At the trial in the Superior Court the execution of the bond was admitted. The plaintiff introduced as witness one Simmons, who testified as to sundry admissions of the defendant, which were relied on to rebut the presumption of payment. So much of his evidence as is material appears in the opinion. The defendant

introduced no testimony, and asked the Court to charge the jury that the evidence was not sufficient to repel the presumption of payment. The Court declined, and instructed the jury that, if they believed the evidence, the plaintiff was entitled to recover. Defendant excepted. Verdict and judgment for plaintiff. Defendant appealed.

*Mr. C. F. Warren*, for plaintiff.
*Mr. J. H. Small*, for defendant.

CLARK, J.—after stating the facts: The defendant, who is alone sued, and who, by his admission, is the principal obligor, stated to the witness in 1881 or 1882, "that neither he nor Jordan (the surety) had paid the note," and at the trial of this case before the Justice of the Peace he stated that he had made such admission to the witness, and that "the note had not been paid since." The Court properly told the jury that, if they believed the evidence, the presumption of payment had been rebutted.

This case differs from *Rogers* v. *Clements*, 92 N. C., 81, and 98 N. C., 180, in that here it is not the admission of one of two co-obligors that he has not paid the debt, which was held in that case not competent against the other, who was not present when such admission was made. In the present case, the principal obligor and sole defendant admits that neither he nor the surety has paid the note. Such admission is good against the party making it. Rev. Code, ch. 65, § 22. It would not be evidence against the surety, but he is not sued, and the judgment herein cannot be given in evidence against him, for the defendant, being the principal obligor, cannot call upon him for contribution.

                                                  Affirmed.