Ruffin, Chief Justice.
 

 — We concur in the opinion expressed by his Honor,that he erred in leavingthe const ruction of the patent to the jury, to be decided by them upon the evidence. The meaning of a deed as to what land it covers, or as to what estate it conveys, is equally a question of law, and therefore is to be decided by the Court.
 
 What
 
 are the
 
 termini
 
 of the lines, are points ofconstruction;
 
 where they
 
 are, questions of fact. These observations are found in so many cases as to be familiar, without particular references.
 

 From the manner in which the case is stated, the Court supposes that the object of the appeal was not alone to obtain a new trial, but also an opinion upon the points on which the next trial is expected to turn. So far as they relate to matters of law, we will give it.
 

 We likewise think, that where a natural boundary is called for, and marked lines found, (especially if they be not called for as found,) the natural object, as the most conspicuous, certain, and permanent, not subject to alteration or destruction, is the most essential part of the description, and more perfectly identifies the land, than any other. It has indeed been held, that where trees, as well as natural boundary, are called for in the deed, and the trees are found and identified, they cannot control the other call, but must yield to it, as in
 
 Sandifer
 
 v.
 
 Foster,
 
 I Hay. Rep. 237, and
 
 Harris v. Powell,
 
 2 Hay. Rep. 349. As a general rule, we assent to the doctrine of those cases. There the natural objects, called for, were a creek and a river; about which the parties can scarcely be under a mistake, as to their situation or name. But the same reason does not apply to very small streams, which have no name, or may be known by different names, at a remote and recent period; and in. such a case — of which the present seems (o be, probably, a strong example, — we have no doubt, it is open to proof upon direct evidence, that two
 
 branches
 
 have borne the same name; or upon circumstances of possession and the like, that the parties have mistaken the name of the
 
 *431
 
 particular one, which they intended to make an abuttal of the land. Under such circumstances, it is a proper instruction to the jury, that they must inquire
 
 which
 
 stream the parties call, for instance, “ the Rocky Branchand that the one thus meant is
 
 the
 
 Rocky Branch, which is the true terminus. The opinion of Judge Henderson, in the case of
 
 Cherry
 
 v.
 
 Slade,
 
 3 Muph. Rep. 82-96, exhibits our views fully; and the doctrine was practically asserted in the case of “
 
 The Cat-tail and Meadow Branch,”
 
 which is mentioned by him, and was familiar to the profession, who were in practice twenty-five years ago. In the present case, there appears upon the map to be no less.than six small streams emptying into the creek within less than a mile, and but one of them is now known by the particular name mentioned in the deed. But the possession taken by Thompson, the grantee, even before the grant issued, and his building a dwelling-house and mill; his conveying to Cotton, (who made the survey for him,) in October, 1774, (three months after the date of the patent,) by the same description, with the addition “ including the plantation whereon I now live, with my mills and improvements, and being a tract or parcel of land granted to me by his majesty’s letters-patent, bearing date, &c.the possession taken by Cotton, and continued by him, and those claiming under him, for fifty-six years; the reputation of the boundaries according to known and visible objects, recognised and called for as such, upwards of forty years, in conveyances of adjacent tracts of land, altogether form a chain of concurring circumstances, the force of which, it would, seem, that nothing could repel; and which, if not repelled, establish .the branch, near which the survey, as claimed by the plaintiff’s iessor began, to be that called for as “ the Rocky Branch.” The naked possession would almost prove it, did it stand alone; but when supported by the other facts, it seems to be put beyond a question. The same circumstances, together with the form of the plat, and the marked trees, show that the calls of the patent for courses, reverse the courses actually run ; and under that class of cases, of which
 
 Person
 
 v.
 
 Roundtree,
 
 (cited in
 
 Bradford
 
 v.
 
 Hill,
 
 1 Hay. Rep. 22,) is the leading one, the patentee may hold
 
 *432
 
 the land actually surveyed. It is true,
 
 the
 
 plat
 
 cannot
 
 control, of itself, the words of the body of the grant, but it is by law, annexed to th-3 grant, and always referred to therein, as being annexed. When,, therefore, it appears from it, that the land surveyed is on the east side of the first line, it is a circumstance, with others, from which it may be inferred, that, in the certificate of the courses, the surveyor reversed them by mistake, so as to transpose the land, and place it on the west side of that line.
 

 The Court is therefore very reluctant to set aside a verdict, which appears to us to be so just, that one to the contrary can never be expected from any jury. But as the Superior Court did, in our opinion, err, and the defendant insists on not being bound by the verdict, we cannot withhold a right which strictly belongs to him; for we cannot tell upon what ground the jury found, and the point on which we think they ought to have found for the plaintiff, involves an inquiry of fact, on which this Court cannot anticipate their opinion.
 

 This result renders it unnecessary than an opinion should be given upon the views entertained by his Honor, upon the subject
 
 of the
 
 presumption
 
 of conveyances. Lest they
 
 should be deemed those of this Court, however, we cannot forbear'from expressing, in general terms, our dissent from them. We deem it entirely incorrect to hold that a party, who upon the trial of a cause, in which he asserts a title to the thing in dispute, offers an
 
 argument,
 
 that a particular deed vested the title in him, is precluded, either by way of estoppel or presumption, from insisting that another deed shown in evidence or presumed, did thus vest it. The ground and nature of the presumption was, we think, mistaken by his Honor. It is indeed a presumption of fact, to be deduced by the jury; but it is deduced upon legal principles, and may properly be found, and in many cases ought to be found, although the jury and Court may be satisfied that it never was in fact made; and the Court may advise the jury in proper cases, that reason and the law requires them to make it, unless the contrary be proved, in the same manner that they are instructed that killing under certain circumstances, is a killing
 
 withmalice,
 
 or that they
 
 *433
 

 ought
 
 to find a
 
 conversion
 
 upon evidence of a demand and refusal, if there be nothing more. As the case does not turn on this question, we deem it useless to pursue it further. In the particular circumstances of this case, the lessor of the plaintiff could not probably avail himself of the ,. , , . , . . presumption that a grant had issued, containing proper descriptions of the land claimed by him ; because his own ♦ » i7»*« title was a recent one, and by a description in conformity-to that in the patent of 1774. The effect of the circumstances, so far as he could use them, is rather to show, what are the true boundaries of the grant of 1774, than that-another one issued. As that is so, the case must go to another trial.
 

 Per Curiam. Judgment reversed,