Ruffik, Chief Justice,
after stating the case as above, pro^ Seeded as follows: The opinion of the Court is for the defendant, upon each hypothesis, as to the beginning. If that could be supposed to have been at A, then, certainly, the plaintiff could not follow the course and distance so as to go to R, because that would be going nearly in a rectangular direc *338 tion from, the branch, instead of running “ along” it; and the second line from B to C, would not be near the branch, except at its termination. It is said, however, that boundary is a question of fact for the jury; and that, as both the pocosin and branch are called for in this grant, this was, at least, a fit case for proof to the jury, as to which one of them should control the calls for course and distance. In support of these positions, the cases of Orbison v. Morrison, 3 Murph. 551, and Brooks v. Britt, 4 Dev. 481, have been relied on. But the Court cannot allow it be questioned, at this day, that the construction of a deed, upon the question of the boundary, is as much a legal question as upon any other point, although it is the province qf the jury to say which, or where situate, may be the particular tree, stone or stream called for; nor that, as a principle of construction, a natural and permanent object shall not be deemed the boundary, in preference to the line designated by course and distance. It is true, that the call for a natural boundary may be itself vague or imperfect, or even contradictory; as for a stream, where there are two of the same name, or it be uncertain which of the two bears " the name, or for two natural objects, e. g. a branch and a po-cosin, which, upon evidence, appear not to be identical, but to be at different places; then, necessarily, the case is open for evidence to the jury, as to which was the object meant, and by which the survey was actually made. Of this last kind was the case of Brooks v. Britt, in which it was held, as a matter of law, that Swift Creek swamp was the boundary; but it was left to the jury to say what was the swamp — it being uncertain whether the run, or the margin of the sunken land, was so called. The same rale was adopted in Hurley v. Morgan, 1 Dev. & Bat. 425, as which qf several streams was the particular branch called for. But, in the present case, there is nothing to create the suspicion that the pocosin and branch do not so entirely coincide as to render it certain that the branch, as a distinct natural .object, in itself defined and appropriate for the lin e of a patent, was not the special terminus of the tract. The case states no discrepancy in the objects palled for. The dispute is only where the object called for, as the beginning, stood; and whether, from that, the run *339 ning is to be according to the natural or the mathematical description. It is settled-law, that it must be according to former.
In truth, however, the question thus submitted to the jury did not arise; for we think it clear that the patent begins at K, or, in other words, on the river, and immediately below the mouth of the branch mentioned. The beginning could not be at A, which, according to the plat, is about 100 poles above the mouth of the branch; for the patent describes the land as lying on Reuse River, and beginning below the mouth, that is, on the lower side of the mouth of the branch; and the last line, but one, goes to a red-oak by the river side, and thence up the river to the beginning. These termini, independent of the calls for the branch in the first and second lines, clearly fix the beginning of the survey on the river; and, consequently, by the admission of the plaintiff himself, the survey made from that point would not include the land claimed by the defendant.
Per Curiam, Judgment affirmed.