Pearson, J.
 

 The only point presented by the case is in reference to the location of the last line of a grant td Edward Shipman for one hundred acres, dated 1802. The location of the grant to Jacob Shipman for three hundred acres, dated 1194, is assumed to be as represented on the plot; and it is assumed that the south line of that grant, from the chestnut corner near 5, to 6, is the Shipman line called for in the grant of 1802. That line was not marked, and was a “
 
 mathematical Une between established
 
 corners.” The third line of a grant of 1802, from a stake at 10, on the plot calls, “ thence N. 61 deg. "W". 145 p. to a stakeand the 4th line calls, “thence with
 
 said Shvpma/rds lime
 
 North 82 degrees East 290 poles to the beginning.” The distance of the third line gives out at 11 on the plot, without reaching the line 5, 6 ; and running from 11 to the beginning, the grant of 1802 does not include the
 
 locus in quo.
 
 The defendant contended that the third line should be extended to the line 5, 6, and run with that line and go to the beginning, which would include the
 
 locus in quo.
 
 But the plaintiff insisted that as the line 5, 6, was not marked, and was a mere mathematical line, it could not control the course and distance of the third lino of the grant
 
 *499
 
 of 1802. His Honor was of opinion with the defendant, and in that opinion we concur.
 

 The line of another tract which is called for, controls course and distance, being considered the more certain description, and it makes no difference whether it is a marked or an unmarked, or mathematical line, (as it is termed in the case,)
 
 provided it be the line which is called for.
 
 In deciding whether it be the line called for, the fact of its being a marked line, or an unmarked line, may have an important bearing; but in our case it is assumed to be the line called for, which disposes of the question.
 

 There is no doubt that it was properly assumed to be the line called for, although it was unmarked, from the facts that are set out in the grant of 1802, i. e. : Edward Shipman then lived on the three hundred acre grant, and it is plainly to be inferred that he owned it; and in taking his grant in 1802, it is reasonable to suppose that his intention was to have the new tract extend up to that on which he then lived, and not to leave a small strip of vacant land between his two tracts, to be the subject of future controversy. But ho did not choose to leave this as a matter of supposition merely; as a part of the description of the new tract, it is set out in the grant, that
 
 “ it adjoms the land he noto lives
 
 on.” This makes it certain that the line of the land he then lived on was
 
 the line
 
 called for in his grant of 1802; and whether that line is properly located at 5, 6, or should be at 11, Y, or any intermediate points, it is a
 
 fixed fact
 
 that the line of the grant of 1802 extends to it, so as to leave no vacant land between them. From abundance of caution, he not only sets out the above general description of the new tract, and the particular description of his last line,
 
 “
 
 tlience with said Shipman’s line North 82 degrees East 290 poles to the beginning,” (which is the corner of the line of the three hundred acre tract, and also the distance, except ten poles, between the chestnut and 5); but the grant sets out, also, that its beginning corner is “ on said
 
 Shipman?s line
 
 of the land
 
 where he now
 
 lives.”
 

 O.ur attention was called to
 
 Carson
 
 v.
 
 Burnett.
 
 1 Dev. and
 
 *500
 
 Pat. 558, where it is held, that an unmarked line of another tract did not control the course and distance of a line of the grant then under consideration. That decision recognises the principle that a line of another tract, which is called for, controls course and distance, whether it be a marked or an unmarked line; and is put expressly on the ground that the line by which it was attempted to control course and distance was not,
 
 fact, the line
 
 called for, for these, among other reasons: it was unmarked, and not otherwise known or established ; as, by a possession claiming up to it; it was the line of some other person; it -was a great distance off; to get to it, the land of the third person -would have to be crossed; it would be necessary to add another line to the grant; it would take in a much greater quantity of land, and no good reason could be assigned why the grantee should have intended so to extend his lines. In all these particulars, except that of the line being unmarked, our case differs. In
 
 Kissam
 
 v.
 
 Gaylord, Bu
 
 sb. R. 116, there was no call for the line of another tract, and the attempt was to control distance by the general words,
 
 “
 
 the upper parts of lots 151 and 155,” &c., which, for the reasons there given, was not conceded. In
 
 Spruill
 
 v.
 
 Davenport,
 
 Ibid. 131, the call was for Thomas Mackey’s line; and it was attempted to control course and distance by ex* tending the line to William Mackey’s line; and the question of fact was, whether
 
 William
 
 Mackey’s line was the line called for; and it is held to be error to submit that question to the jury; because, in that case, there was no evidence to support such a conclusion.
 

 Note the diversity! Thus all the cases are reconciled.
 

 Pels Curiam.
 

 Judgment affirmed.