LANGLEY R. BOWEN v. A. T. GAYLORD.

(Decided March 1, 1898.)

*Action for Trespass—Deed, Construction of—Boundaries.*

An inconsistent course and distance must give way to a natural object or well known line of another tract when called for in a deed.

CIVIL ACTION to recover damages for entering and cutting timber upon plaintiff's land, tried before *Brown*, *J.*, at Fall Term, 1897, of WASHINGTON Superior Court upon admissions of the parties, a jury trial being waived. The facts appear in the opinion. His Honor being of opinion that plaintiff could not recover so adjudged and plaintiff appealed.

*Mr. James E. Moore* and *W. B. Rodman* for plaintiff (appellant.)

*Mr. A. O. Gaylord* for defendant.

DOUGLAS, J.: This cause was by consent of parties heard upon the admissions of counsel. It is admitted that the plaintiff claims under a grant to Thomas Mackey and Edmund Blount, dated May 18, 1789, and that if this grant covers the *locus in quo* the plaintiff is entitled to recover damages for a trespass committed by the defendant, in entering and cutting upon said lands. The description in the grant is as follows: "Beginning at a forked cypress running thence South 30 degrees West, 110 poles; thence South 45 degrees West, 700 poles, the various courses of Edward Van Daniel's line; then North 60 degrees West, 320 poles; then North 40 degrees East, 520 poles; then South 69 degrees East, 120 poles; then North 45 degrees East, 200 poles; then

South 28 degrees East 250 poles to the first station, as by the plot hereunto annexed doth appear." The plot of said lands, showing the contention of the plaintiff and defendant as agreed upon, was made a part of the decree and hereunto annexed. The red lines show the location of the Van Daniel patent called for and referred to in the Mackey and Blount patent. It is admitted that the beginning of the Mackey and Blount patent is at a forked cypress at black A on the map and runs to black B.

It is admitted that the Edward Van Daniel patent begins at red A and runs to red B, and thence following the red lines on the map to red D and red E, and thence back to red A.

The plaintiff contends that when the line of the Mackey and Blount grant reaches black B, the course and distance called for in the grant should not be followed, but that the line should then run from black B with the red line to red A, the course of the Edward Van Daniel patent, and thence along the red line to red E, and thence completing the 700 poles called by following the black line D and E, marked on the map as the Dwight patent line. If this contention be correct, and the Mackey and Blount patent is located as contended by the plaintiff, it is admitted that the plaintiff is entitled to recover - - - - - - dollars damages, together with the costs of this action.

The defendant contends that when the Mackey and Blount grant reaches black B on the map it should follow course and distance, South 45 degrees West 700 poles, which is delineated on the map as the Mackey and Blount patent line as claimed by Alfred Gaylord; that, if this contention be not true, the Mackey and

122—52

(Map referred to in the opinion.)

Blount grant when it leaves black B, should follow the course of the red lines from B, marked on the map, the windings of the swamp to red D and E; that inasmuch as the Mackey and Blount grant does not designate which of the courses of the Edward Van Daniel's patent is to be followed, and inasmuch as it is impossible to follow both of the courses of it when the Mackey and Blount line reaches it, then the only means left for locating the Mackey and Blount line is to follow course and distance. It is admitted that if the defendant's contentions are correct and the Mackey and Blount grant is located as contended by the defendant, then the plaintiff is not entitled to recover. The court below being of the opinion with the defendant, it was adjudged that the defendant go without day.

As it would be impracticable to print the red lines and red letters designating the boundaries and corners of the Van Daniel grant, the corners marked "Red A, B, C, D and E" are herein referred to as V, W, X, Y and Z, respectively.

In this Court the plaintiff's counsel abandoned the contention that the line of the Mackey and Blount grant ran from black B to red A or V, and thence along the Southeast line of the Daniel patent; and contended that it should run from black B to red B or W, thence along the Northwest boundary of the Van Daniel grant, with its various courses, along the edge of the swamp, to red C or X, thence to red D or Y, thence to red E or Z and thence South 45 degrees West to complete the distance called for, to-wit, seven hundred poles. This latter contention of the plaintiff seems to us to be correct, and is certainly much more plausible than his original claim, which would include the entire area of the Van Daniel grant within the limits of his own grant.

When one deed or grant calls for the line of another deed it evidently refers to the adjoining line which is the common boundary. If, therefore. the second line in the Mackey and Blount grant, the location of which is the only question before us, must follow the Van Daniel line, we have no difficulty in determining its location. The disputed call reads thus: '' thence South 45 degrees West, 700 poles, the various courses of Edward Van Daniel's line.''

There is now no question as to the location of Van Daniel's line, and never has been as far as appears from the record. Being a well known line it must therefore control the course and distance of any other line calling for it. That an inconsistent course and distance must give way to a natural object or the well known line of another tract when called for in the deed, was settled as far back as Taylor's Reports in *Witherspoon* v. *Blanks*, 1 N. C., 65, and *Bustin* v. *Christie, Ibid,* .68. It would be useless to cite the long line of decisions to the same effect, ending in *Deaver* v. *Jones*, 119 N. C., 598. Among those most usually cited are perhaps *Sandifer* v. *Foster*, 2 N. C., 237 (271); *Cherry* v. *Slade*, 7 N. C., 82; *Haughton* v. *Rascoe*, 10 N. C., 21; *Hurley* v. *Morgan*, 18 N. C., 425; *Slade* v. *Neal*, 19 N. C., 61; *Beckton* v. *Chesnut*, 20 N. C., 335; *Corn* v. *McCrary*, 48 N. C., 496; and among more recent cases, *Dickson* v. *Wilson*, 82 N. C., 487; *Jones* v. *Bunker*, 83 N. C., 324; *Credle* v. *Hays*, 88 N. C., 321; *Smith* v. *Headrick*, 93 N. C., 210; *Redmond* v. *Stepp*, 100 N. C., 212.

In *Houser* v. *Belton*, 32 N. C., 358, Judge Pearson gives the reason for the rule as follows : '' Marked lines and corners control course and distance, because a mistake is less apt to be committed in reference to the former than the latter. Indeed, the latter is considered

as the most uncertain kind of description; for it is very easy to make a mistake in setting down the course and distance, when transcribing from the field book, or copying from the grant or some prior deed, or a mistake may occur in making the survey by losing a stick, as to distance, or making a wrong entry as to course. For these reasons when there is a discrepancy between course and distance and the other descriptions, the former is made to give way." Of course this rule applies only where the natural object or line called for in the deed can be located to a reasonable certainty.

The case at bar seems almost to have been decided for us in . . . . . . . . v. *Heritage*, 3 N. C., 496, in which the entire case, a model of brevity, is as follows: "Heritage had sold lands to the plaintiff, and covenanted for the goodness of the title. He had in his deed described the lands by a line of a certain course and distance to A. B's line, thence a certain course and distance *with his line* to, etc. The course and distance of these two lines included land which belonged to another, but not if A. B's line be considered as the boundary.

McCoy, Judge: The line of A. B. is to be considered as the boundary of the land sold by Heritage. He did not sell any beyond that, and of course did not sell to the plaintiff the land he says he did. If that land has been recovered from the plaintiff, this covenant does not subject the defendant to pay for the value of it."

As in that case, the line contended for by the defendant in the case at bar would cut off a part of the land admittedly belonging to the Van Daniel grant.

We are of opinion that the line in question, being the second call in the Mackey and Blount grant, runs from Black A to Black B, thence to Red B or W, thence with the various courses of the Van Daniel grant to Red C or

X, thence with the line of the same grant to Red B or Y and Red E or Z, and thence South 45 degrees West a sufficient distance to complete the call for 700 poles. Therefore, the *locus in quo*, lying Southeast of the red line running from red D or Y to red E or Z, and between the lines marked respectively "The Dwight Patent line" and "Mackey and Blount Patent line as claimed by Alfred Gaylord" belongs to the plaintiff.

Two significant facts that tend to this conclusion are that the first course called for by the Van Daniel line after leaving red B or W, is *South* 45 degrees *West*, the exact course called for by the Mackey and Blount grant, and that the line held by us practically follows the edge of the swamp throughout its entire extent. For the reasons herein stated, the judgment of the court below is reversed.

                                        Judgment reversed.