BYNUM COFFEY, CARRIE E. COFFEY AND VIRGINIA C. BURGESS v. TOM GREER, MARY ANN GREER, AND R. T. GREER, GUARDIAN AD LITEM OF TOM GREER AND MARY ANN GREER.

(Filed 30 March, 1955.)

**1. Boundaries § 6—**

Where plaintiffs and defendants are adjoining landowners, and there is no dispute as to the validity of the title of the parties to their respective tracts, but the only dispute is as to the location of the dividing line between the two properties, the action is in effect a processioning proceeding.

**2. Boundaries § 3c—**

Where a junior deed calls for a corner of an adjacent tract as the beginning corner, such corner or line must be established from the description in the senior deed to which reference is made, if possible, before the description or calls in the junior deed may be considered in establishing such line.

**3. Same—**

Where a deed calls for the corner of an adjacent tract as the beginning point, such deed is the junior deed notwithstanding the fact that the deeds to both tracts, from the common source, bear the same date.

**4. Boundaries § 3c—**

Where a deed calls for a corner of the contiguous tract as a point of beginning and such corner of the contiguous tract cannot be definitely located, but another corner can be ascertained, the line may be reversed from the ascertainable corner in order that the corner in question may be located.

BARNHILL, C. J., took no part in the consideration or decision of this case.

COFFEY *v.* GREER.

APPEAL by defendants from *Sharp, Special Judge,* November Term, 1954, of WATAUGA.

This proceeding was instituted as an action in ejectment. A jury trial was waived and it was agreed that the trial judge might hear the evidence, find the facts, make her conclusions of law and enter judgment thereon. The parties stipulated that certain monuments referred to in plaintiffs' deed are known, visible, and undisputed corners which are readily ascertainable.

The facts found by the court may be summarized as follows:

1. The parties claim from a common source, to wit: T. F. Greer, who died intestate on 25 March, 1946, seized of a tract of land of which the properties described in the complaint and answer are a part.

2. That the lands of T. F. Greer were partitioned among his heirs by the execution of partition deeds; that on 30 May, 1952, the heirs of T. F. Greer conveyed the property described in the complaint to Horace Greer by deed recorded 23 June, 1952, in the office of the Register of Deeds of Watauga County, in Deed Book 71, at page 63; that on 16 July, 1952, Horace Greer and wife conveyed the said property, consisting of twelve acres, more or less, to Virginia C. Burgess and Carrie E. Coffey, plaintiffs in this action, which deed was recorded on 19 July, 1952, in Deed Book 71, at page 107, of the Watauga County Registry.

3. That on 30 May, 1952, Horace Greer and the other heirs of T. F. Greer, conveyed the lands described in the answer, consisting of sixteen acres, more or less, to R. T. Greer, by deed recorded on 21 July, 1952, in Deed Book 69, at page 480, in the aforesaid Registry; that thereafter, on 16 January, 1953, R. T. Greer and wife conveyed said property to the defendants in this action.

4. That the property of the plaintiffs and the defendants adjoin; and the crucial question in this case is: Where is the corner of the defendants' land, which is the point where the description in plaintiffs' deed begins?

In view of the stipulations and the other evidence, including the calls in plaintiffs' deed, the court found as a fact that the beginning point of plaintiffs' tract of land is a point ascertained in the following manner: By taking the last known visible and undisputed corner called for in the description in plaintiffs' deed, to wit: a bridge, and then following the bearings and distances set out in plaintiffs' deed to the beginning. From the bridge these calls are "thence North 44 West 6 poles to a stake in center of new Highway 321; thence down said new Highway North 14 East 9¼ poles to a stake, the beginning, containing 12 acres, more or less."

Judgment was accordingly rendered in favor of the plaintiffs, and the defendants appeal, assigning error.

*Louis H. Smith for plaintiffs, appellees.*
*Bowie & Bowie and Wade E. Brown, Jr., for defendants, appellants.*

DENNY, J.   It is stated in the description in the plaintiffs' deed to the 12-acre tract of land that it begins "on a stake in new Highway No. 321, just below old house and corner to the R. T. Greer tract (being the 16-acre tract now owned by the defendants) and runs with line of said R. T. Greer tract North 75 West 18 poles to a stake in old Highway 321 just below rock house"; etc.

It appears from undisputed evidence in the trial below that the field notes made by the surveyor when the lands of T. F. Greer were divided among his heirs by the execution of partition deeds, and from which notes the deeds were drawn, that such notes with respect to the last call in the described 12-acre tract now owned by the plaintiffs, called for only $6\frac{1}{4}$ poles North 14 East to a stake, the beginning, instead of $9\frac{1}{4}$ poles as stated in plaintiffs' deed.   This difference of three poles constitutes the gravamen of the present controversy.

Since the plaintiffs and the defendants are adjoining landowners, and the court below so found, and there is no dispute as to the validity of the plaintiffs' title to the 12-acre tract, or as to the validity of the title of the defendants to the 16-acre tract, this action, in so far as it relates to the location of the beginning corner of the plaintiffs' tract of land, or to the division line between the two tracts, is in effect a processioning proceeding. *Goodwin v. Greene,* 237 N.C. 244, 74 S.E. 2d 630; *Clegg v. Canady,* 217 N.C. 433, 8 S.E. 2d 246; *Cody v. England,* 216 N.C. 604, 5 S.E. 2d 833.

The law is well settled in this jurisdiction that when a line of another tract of land is called for, such line "controls course and distance, being considered the more certain description, and it makes no difference whether it is a marked or unmarked, or mathematical line, . . . *provided it be the line which is called for." Corn v. McCrary,* 48 N.C. 496; *Bowen v. Gaylord,* 122 N.C. 816, 29 S.E. 340; *Whitaker v. Cover,* 140 N.C. 280, 52 S.E. 581; *Clegg v. Canady, supra; Goodwin v. Greene, supra.* This same principle applies when a junior deed calls for a corner of another tract.   Consequently, when a corner or line of another tract is called for in a deed, such corner or line must be established from the description in the deed to which reference is made, if possible, before the description or calls in the junior deed may be considered in establishing such corner or line.   *Goodwin v. Greene, supra; Bostic v. Blanton,* 232 N.C. 441, 61 S.E. 2d 443; *Belhaven v. Hodges,* 226 N.C. 485, 39 S.E. 2d 366; *Cornelison v. Hammond,* 224 N.C. 757, 32 S.E. 2d 326; *Thomas v. Hipp,* 223 N.C. 515, 27 S.E. 2d 528; *Euliss v. McAdams,* 108 N.C. 507, 13 S.E. 162; *Corn v. McCrary, supra; Dula v. McGhee,* 34 N.C. 332; *Sasser v. Herring,* 14 N.C. 340.   And the fact that the description in the

plaintiffs' deed calls for a corner in defendants' land, as its beginning corner, and runs thence with a line of defendants' land, gives the plaintiffs' deed the status of a junior deed notwithstanding the fact that the respective deeds, from the common source, bear the same date.

Applying the above principle of law to the present case, the beginning corner of the plaintiffs' tract of land must be located, if possible, from the description of the defendants' tract of land before it will be permissible to resort to any call in plaintiffs' deed for the purpose of establishing the corner of the defendants' tract of land, which is the beginning corner of plaintiffs' tract of land. And if any corner of the defendants' tract of land can be definitely located, the line may be reversed from that point if necessary, in order to locate the lines and corners called for in that tract. *Goodwin v. Greene, supra; Linder v. Horne,* 237 N.C. 129, 74 S.E. 2d 227; *Belhaven v. Hodges, supra; Thomas v. Hipp, supra; Jarvis v. Swain,* 173 N.C. 9, 91 S.E. 358.

The facts found by the court below are not sufficient to support the legal conclusions reached by the trial court. Hence, the defendants' exception to the judgment entered must be sustained.

The judgment of the court below is reversed and this cause remanded for further proceedings in accord with this opinion.

Reversed and remanded.

BARNHILL, C. J., took no part in the consideration or decision of this case.