A. CAUDILL v. NOAH WADE McNEIL AND WIFE, ALMA S. McNEIL; N. P. MYERS AND MRS. DAPHNA M. McNEIL.

(Filed 14 January, 1959.)

**1. Boundaries § 9—**

A description in a deed to part of a tract of land which gives certain corners and lines and then directs "then east a sufficient distance to divide" the land equally, thence south to a road and thence along definite lines to the beginning, so as to include one half the tract, *is held* to require the division of the land by area rather than by value and is a sufficient description if the dividing line can be established by mathematical computation, and the exclusion of testimony of the court surveyor that he had ascertained the dividing line by computation and the running of the remaining calls in the description, was error.

**2. Boundaries § 5—**

It is not competent to use a junior deed from the common grantor for the purpose of locating the boundaries of the senior deed.

APPEAL by plaintiff from *Crissman, J.,* April-May Term, 1958, of WILKES.

This is a processioning proceeding. Plaintiff alleged ownership of a specifically described tract of land and his location of the disputed line.

Defendants denied plaintiff's ownership. They alleged they were the owners of a tract specifically described in a deed to them. They also asserted title by adverse possession. Surveyors were appointed as required by statute. They surveyed the respective contentions and made and filed a map showing land claimed by plaintiff, land claimed by defendants, and the respective contentions as to the location of the line dividing the properties. Only one boundary is in controversy.

On the trial in the Superior Court it was "stipulated that both parties received their title from a common source and that the common grantors were M. D. Reeves and wife A. C. Reeves." Plaintiff's deed from M. D. Reeves and wife is dated 8 November 1912 and was recorded 3 March 1913. The record does not disclose the date of the deed under which defendants claim title. It is stated in the brief for plaintiff appellant that his is the senior title from the common source. We understand from the oral argument and the brief of defendant appellees this to be conceded.

Plaintiff offered in evidence the deed to him from M. D. Reeves and wife dated and recorded as aforesaid. He then proposed to show by the court surveyor the location of the several lines called for in that deed. The court was of the opinion that the description was so vague and uncertain that parol evidence could not be offered for the purpose of establishing its boundaries and was such as "to make it

impossible to locate the north-south dividing line between petitioner and respondents." He thereupon rendered judgment fixing the location of the dividing line in accordance with the contention of defendants.

*Ralph Davis and McElwee & Ferree for plaintiff, appellant.*
*Whicker & Whicker for defendant appellees.*

RODMAN, J.  The several assignments of error present only one question: Does the description in the deed to plaintiff furnish information which will permit an informed person to locate on the ground the corners called for?

The description in the deed to plaintiff reads:

"BEGINNING on a White Oak M. C. Reeves' southwest corner running northward with the Gregory Road to the Hunt Road west with the Hunt Road to the C. M. Dearman corner, then with C. M. Dearman's line to L. Wood's line, then with said line to M. D. Reeves and L. Wood's Pine corner, then east a sufficient distance to divide the M. D. Reeves land equally, thence south with an agreed line to the Hunt Road, thence southeast an agreed line to J. S. Pendry line, thence with the said Pendry's line back to beginning, including ten acres on the south side of the Hunt Road and including one half of the M. D. Reeves land."

The asserted vagueness grows out of the call "then east a sufficient distance to divide the M. D. Reeves land equally." It is plaintiff's position that this language and the concluding clause of the description, "including one half of the M. D. Reeves land," means one half in area. Based on this interpretation plaintiff offered in evidence a deed from W. U. Higgins to M. D. Reeves dated 5 April 1904, recorded 6 December 1904. He then offered evidence by the court surveyor tending to establish the boundaries of that tract and the fact that it was known as the M. D. Reeves land.

The land described in the deed from Higgins to Reeves covers the land claimed by plaintiff and the land claimed by defendants, and these claims cover all of the land described in the Higgins-Reeves deed. The surveyor testified that he knew each of the boundaries called for in that deed and had at one time or another surveyed each of the lines called for. He further testified that he had surveyed the land claimed by plaintiff from its beginning corner "to M. D. Reeves and L. Wood's Pine corner" as called for in plaintiff's deed. He knew each of these calls; they were correctly located on the court map; he had surveyed the calls "with an agreed line to the Hunt Road, thence southeast" etc., as directed in the deed, to the beginning. Plaintiff     .

then proposed to show by the court surveyor that he had computed the acreage of the M. D. Reeves land as described in the deed from Higgins and could, by the computation, determine how far east it would be necessary to go to divide the M. D. Reeves land equally as to area by running in accordance with the remaining calls to the beginning. This evidence offered by plaintiff was excluded.

We cannot concur in the view expressed by defendants that the meaning of the language "a sufficient distance to divide the M. D. Reeves land equally" is, when supplemented by the language "including one half of the M. D. Reeves land," fairly susceptible of two interpretations: one, a division based on value; the other, a division based on area; and because of these two permissible interpretations it is not possible to determine what property is intended to be described.

The deed to plaintiff recites a substantial consideration. Presumably the grantor intended to convey a readily identifiable parcel of land—not something almost certain to produce controversy in the future. That intent should be given effect if possible. *Duckett v. Lyda,* 223 N.C. 356, 26 S.E. 2d 918; *Lee v. Barefoot,* 196 N.C. 107, 144 S.E. 547. The deed first says: "to divide the M. D. Reeves land equally," and having completed the description and in the place usually given to the area of the property conveyed, says "one half of the M. D. Reeves land." If value had been intended, why not direct the surveyor to run the line so as to convey land worth $1625, the consideration paid? Fairly interpreted, we have no doubt of grantor's intention to convey one half in area nor do we doubt the sufficiency of the language to appropriately express that intent.

Given that meaning it was, the surveyor testified, a mere matter of mathematical computation to determine the location of the line necessary to divide the land described in the deed from Higgins to Reeves in two parts of equal areas. That this can be done can be readily demonstrated graphically. Since the missing line could be determined by calculation, the description was sufficient. *Oxford v. White,* 95 N.C. 525; *Warren v. Makely,* 85 N.C. 12.

Holding as we do that the description is not void as a matter of law, it follows that evidence to show the location of the various corners to be as plaintiff contended was competent. It would not be competent to use a junior deed from the common grantor for the purpose of locating the boundaries of plaintiff's land. *Coffey v. Greer,* 241 N.C. 744, 86 S.E. 2d 441, and cases cited.

Reversed.