19462

GETHSEMANE BAPTIST CHURCH et al., Appellants, v. NUT & BOLT HOUSE, INCORPORATED et al., Respondents

(190 S. E. (2d) 748)

*Messrs. Carter & Philpot,* of Greenville, *for Appellants,*

*Wm. Byrd Traxler, Esq.,* of Greenville, *for the Respond-ent's, The Nut & Bolt House, Incorporated, and The Peoples National Bank,*

*Messrs. Rainey, Fant & McKay,* of Greenville, *for De-fendant-Respondent, W. A. Austin, Sr.,*

*Messrs. Carter & Philpot,* of Greenville, *for Appellants, in Reply,*

August 1, 1972.

BRAILSFORD, Justice.

This is an action to determine the location of a disputed boundary line separating the land of the defendant Nut & Bolt House, Incorporated, on the north, from the land of the plaintiff Working Benevolent Society, on the south. Each of the other plaintiffs owns a small lot south of defendant's land but not contiguous to the disputed line.

The disputed boundary divided an eight-acre tract, which was conveyed to one Pink Smith by the plaintiff Society in 1880, from four acres retained by the Society of a twelve-acre tract conveyed to it in 1879 by one Cole. The master, relying upon the key calls in these two deeds, related to two corners conceded by all parties to be correctly located on the ground by recent surveys, fixed the boundary southward from that claimed by plaintiffs and northward of that claimed by defendants. On appeal by the defendants, the county judge rejected the report of the master and awarded the land

in dispute to defendants. Reliance was upon a 1970 survey and other recent surveys. These surveys were in turn bottomed upon a 1915 survey which accompanied the conveyance by Pink Smith in that year to Georgia Industrial Realty Company of the eight-acre tract and of contiguous land.

In the simplified diagram printed herewith, which is intended for illustration only, the relevant points are numbered to correspond with the same points on the 1970 plat (exhibit 24), except for the souutheastern corner of the Society's tract, which is not numbered on the plat.

The 1879 deed to the Society described the western boundary of the twelve-acre tract, running approximately north-south along Worley Road, as extending from a stone at point 8 to a post oak tree at point 16, a distance of 16.27 chains. The eastern boundary, also generally north-south, was described as commencing at a stone at the southeastern corner, on the edge of the A & C Airline Railroad right-of-way (now Southern Railway System), thence along said right-of-way 18 chains to a stone at point 10.

The division of the twelve-acre tract into two parcels was accomplished, and the boundary in dispute created, by the Society's conveyance of eight acres on the north to Pink Smith in 1880 and its retention of four acres on the south.

The relevant series of calls in this deed begins at the north-western corner, point 8. Thence, the deed calls for a distance of 14.27 chains to a stone at point 15, the western terminus of the disputed boundary. Thence, the call is for 7.19 chains, about 474.5 feet, on a course 71 degrees east of south to a stone at point 12 on the railroad right-of-way, the eastern terminus of the disputed boundary. Thence, the call is for 9.07 chains, about 598.6 feet, along the right-of-way to a stone at point 10.

In 1915, Smith conveyed the eight-acre tract and contiguous land on the west of Worley Road to Georgia Industrial Realty, under whom the defendants claim. The land conveyed was described according to the plat of a survey made September 18, 1915, by engineers of the grantee, with which the plaintiffs are not connected. This description deviates from the calls in the 1879 and 1880 deeds in three respects affecting the location of the disputed boundary.

1—From the stone at point 10, the 1915 deed calls for a distance of 626.3 feet along the railroad right-of-way to the disputed corner at point 12, instead of 598.6 feet as called for on this boundary by the 1880 deed to Smith.

2—The 1915 plat and deed ascribe a course of 67 degrees, 55 minutes west of north to the disputed boundary, while the deed which established this division called for an even 71 degrees west of north.

3—From point 15, the 1915 deed calls for a line in a southerly direction 127.7 feet to an iron pin at point 16, where the post oak formerly stood. The 1879 deed to the Society described the western boundary of the original tract (from point 8 to point 16) as 16.27 chains. In its deed to Smith the following year, the Society conveyed 14.27 chains along this line. Quite clearly the grantor intended to retain an even two chains, or 132 feet, north of the oak.

> Both the pin which replaced the oak tree at point 16, the Society's southwestern corner, and the stone at point 10, the northeastern corner of the Smith tract,

have been found on the ground by recent surveys. Their locations are not in dispute. If the calls of the senior deeds from these known corners are to be respected, the western terminus of the disputed boundary must be located an even two chains north of point 16 and its eastern terminus 9.07 chains south of point 10.

The county court held that the master erred by giving controlling weight to the distances called for between these points by the senior deeds instead of "those determined by the 1915 on the ground survey." This assumes that the 1915 survey located the previously established corners at points 15 and 12. There is no evidence to support this assumption.

Neither the recitals in the 1915 deed nor the inscriptions on the 1915 plat call for or indicate the discovery of any monument—stone or otherwise—at the places where the course and distance calls of these two documents place the disputed boundary points. Three other corners named in the 1915 deed are described therein as marked by a stone or pin. The 1915 plat, which indicates the presence of stone or pin markers at these three corners and at two other corners as well, is conspicuously silent at points 15 and 12.

Erroneous calls for courses and distances to the stone monuments referred to in the deeds would yield, of course, to the actual position of the monuments on the ground. *Nelson v. Frierson,* 1 McCord (12 S. C. L.) 232 (1821). This undisputed rule has no application, however, where, as here, the monument itself has disappeared and its original location on the ground is not established by competent evidence. In the absence of any other evidence as to its original location on the ground, a corner without an identifiable monument must be reestablished by reference to the descriptive calls of the senior conveyance which established the corner, not by the contradictory recitals of a junior survey which merely calls for the corner as an adjoining boundary.

Because of the silence of the 1915 deed and plat on the crucial issue of where, on the ground, the 1880 stone mark-

ers have ever been seen to lie, we need not decide what probative value might be carried by a junior conveyance which specifically contradicts the calls of a senior conveyance as to the location of a monument since obliterated. We note the rule in other jurisdictions that "when a corner or line of another tract is called for in a deed, such corner or line must be established from the description in the deed to which reference is made, if possible, before the description or calls in the junior deed may be considered in establishing such corner or line." *Coffey v. Greer,* 241 N. C. 744, 86 S. E. (2d) 441, 443 (1955). *Accord,* 11 C. J. S. Boundaries § 8 (1938). See *Richardson v. Moodie,* 2 Brev. (4 S. C. L.) 442 (1810).

The defendant Nut & Bolt House, Incorporated, and its grantor, the defendant W. A. Austin, Sr., have respectively served notice of a number of so-called additional sustaining grounds. Of these, only the first, second and third of the defendant Nut & Bolt House, Incorporated, relate to the issue of boundary location, which was the only issue passed upon by the county court and is the only issue properly before us. By its first ground this defendant asserts that the Society "as the original common grantor of all parties to this proceeding, made its conveyances by general warranty deeds, and even assuming it to be equally innocent, it should suffer the loss rather than the respondents." We find no basis in law or fact for this position. The second and third grounds merely rehash the evidence relating to location.

Reversed and remanded for further proceedings consistent herewith.

Moss, C. J., and Lewis, Bussey and Littlejohn, JJ., concur.