FLORENCE TUCKER, Executrix of R. S. Tucker, v. J. H. SATTER-THWAITE et al.

*Practice—Trial—Issues—New Trial.*

Section 395 of *The Code* is mandatory, and binding equally upon the court and counsel, and it is the duty of the trial judge, either of his own motion or at the suggestion of counsel, to submit such issues as are necessary to settle the material controversies arising on the pleadings. In the absence of such issues, or equivalent admissions of record sufficient to reasonably justify a judgment rendered thereon, this court will order a new trial.

ACTION OF TRESPASS *quare clausum fregit*, tried before Boykin, J., and a jury, at March Term, 1896, of PITT Superior Court, involving the title to land described in the complaint as follows:

"Lying on the Pea Branch Pocosin, beginning at a pine, standing in the branch below the Bee Gum Island, and running with the middle of said branch, the courses thereof, to the line of the Thomas Jordan land (now owned by the plaintiff), and then with said line to a corner of the lands of the heirs of Thomas Little, and with their line out to the Pea Branch Pocosin, to Stephen Little line (now the Whitehead line), and then with Stephen Little (now White

head line) to a marked pine, a corner tree; and thence with a line of marked trees along the Horse Pen Branch to the beginning, containing one hundred and fifty (150) acres of land, more or less."

The following is a copy of the plat introduced in evidence:

By consent, the issues referred to in the opinion were submitted by his Honor and were found in favor of the plaintiff, and from the judgment thereon the defendants appealed.

*Messrs. W. B. Rodman, James E. Moore* and *Jones & Boykin*, for plaintiff.

*Messrs. Jarvis & Blow, Blount & Fleming* and *A. C. Avery*, for defendants (appellants).

DOUGLAS, J.: This is an action of trespass involving the title to the land in controversy, which depends upon the location of two grants. The real point in dispute seems to

be whether the line constituting the northern boundary of the Smith grant and the southern boundary of the Brinkley grant, runs from "F," an admitted corner, to "G" or to "H," as stated in the case on appeal. The merits of this case were ably and elaborately argued before this court, and we regret our inability to determine the matter, but we cannot undertake to review a judgment based upon issues which utterly fail to present the contentions of the parties. The following are the only issues: Where is Beegum Island, at "H" or "I?" Have the defendants and those under whom they claim been in adverse possession of the land in dispute for a period of twenty years at any time prior to the beginning of this action? What damage, if any, is the plaintiff entitled to recover?

The first issue is the only one looking to the location of the land, and it fails to establish a single matter of issue raised by the pleadings. Beegum Island itself, which is said to contain two or three acres, is not called for by either grant. The Brinkley grant begins at "a pine standing in the branch *below* Beegum Island," running thence north, and when it comes around to the land now in dispute, calls for Smith's line. Smith's grant does not mention Beegum Island in any way whatever. The perplexity of the situation is by no means lessened by the older grant calling for the line and corners of the junior grant.

It is true, the issues were submitted by counsel, but if there was any agreement between the parties that the location of Beegum Island should determine any point in controversy it does not appear in the record.

The submission of issues by consent does not amount to a consent judgment, especially where the judgment which is excepted to is entirely unsupported by the issues. 1 Freeman Judgments, Sec. 2; 1 Black Judgments, Sec. 106.

The location of the line between Brinkley and Smith is

still unsettled, at least as far as appears to us. That should have been the issue. "Issues arise upon the pleadings when a material fact or conclusion of law is maintained by the one party and controverted by the other." Code, Sec. 391; *Heilig* v. *Stokes*, 63 N C., 612; *Klutts* v. *McKenzie*, 65 N. C., 102; *Armfield* v. *Brown*, 70 N. C., 27; *Wright* v. *Cain*, 93 N. C., 296; *Patton* v. *Railroad*, 96 N. C., 455; *Fortesque* v. *Crawford*. "The issues arising upon the pleadings, material to be tried, shall be made up by the attorneys appearing in the action and reduced to writing, *or by the judge presiding*, before or during the trial." Code, Sec. 395.

In *Bowen* v. *Whitaker*, 92 N. C. 367, this court has held that the above section is *mandatory*, and that where no issues are tendered by either party it is the duty of the judge either to compel counsel to prepare the proper issues or to prepare them himself and submit them to the jury. Such an adherence to the Statute is absolutely essential, not only to a fair trial of the case below, but to an intelligent appreciation of its merits upon an appeal to this court.

In *Arnold* v. *Estis*, 92 N. C., 162, Smith, C. J., delivering the opinion of the court, says: "This is another instance in which the matters in controversy, as they appear in the pleadings, are tried without the preparation and submission of issues eliminated therefrom to the jury as is required by the Code, Sec. 395, and which constitutes a distinguishing element in our present mode of practice; and we repeat what has been said in a previous case determined at this term, that this Statute *must be observed in the future*." *Rogers* v. *Clements*, 92 N. C., 81; *Rudasill* v. *Falls*, 92 N. C., 222; *McDonald* v. *Curson*, 94 N. C., 497. The case at bar is very similar in its result to *Turrentine* v. *Railroad*, 92 N. C., 642, in which this court says: "The judgment, while the only one that could be

rendered on the findings, rests, nevertheless, upon a confused and unsatisfactory verdict, and ought not to stand, as injustice may be done."

In *Fisher* v. *Mining Co.*, 94 N. C., 397, this court says: "Thus a distinct issue is raised, which the record does not show was put in form, while the jury were empanelled without such issue and proceeded to try the controversy as it appeared in the pleadings in disregard of the statutory mandate and the reiterated rulings of the court that it must be observed." Citing *Rudasill* v. *Falls, supra*, and *Bowen* v. *Whitaker, supra*. The same rule is laid in *Allen* v. *Sallinger*, 105 N. C., 333; *Bottoms* v. *Railroad*, 109 N. C., 72; *Allen* v. *Allen*, 114 N. C., 121; *Fleming* v. *Railroad*, 115 N. C., 676.

In *Vaughan* v. *Parker*, 112 N. C., 96, this court says that the issues "shall be such as arise out of the pleadings, such that upon the verdict the court may proceed to judgment," &c., citing *McAdoo* v. *Railroad*, 105 N. C., 140; *Denmark* v. *Railroad*, 107 N. C., 185; *Boyer* v. *Teague*, 106 N. C., 576; *Bonds* v. *Smith*, 106 N. C., 553.

Many decisions might be cited as to the form of the issues, but that point is not now directly before us. We are not inadvertent to the long line of decisions laying down the rule that the refusal of the court to submit an issue tendered by either party cannot be reviewed by this court unless exception is taken in apt time; nor do we wish to be understood as reversing or modifying it. That rule, when reasonably construed, does not conflict with the one herein laid down. What we now say is, that Section 395 of the Code is mandatory, binding equally upon the court and upon counsel; that it is the duty of the judge, either of his own motion or at the suggestion of counsel, to submit such issues as are necessary to settle the material controversies arising in the pleadings, and that in the absence

of such issues, or admissions of record equivalent thereto, sufficient to reasonably justify, directly or by clear implication, the judgment rendered therein, this court will remand the case for a new trial.   Under this rule there was error in the rendition of the judgment and a new trial is therefore ordered.

New trial.