STRAUSS v. CITY OF WILMINGTON.

(Filed October 15, 1901.)

1. JUDGMENT—*Verdict—Negligence.*

   A finding that intestate of plaintiff was injured by negligence of defendant will not sustain a judgment for damages for killing decedent.

2. ISSUES—*Trial Judge—Pleadings.*

   It is the duty of the trial judge to submit such issues as are necessary to settle the material controversies arising on the pleadings.

3. APPEAL—*Exceptions and Objections—Judgment—Verdict—Record.*

   The insufficiency of the verdict to support the judgment is a defect on the face of the record proper and is reviewable, the appeal being of itself an exception to the judgment.

ACTION by Jessie R. Strauss, executrix of W. H. Strauss, against the city of Wilmington, heard by Judge *W. A. Hoke* and a jury, at January Term, 1901, of the Superior Court of NEW HANOVER County. From a judgment for the plaintiff, the defendant appealed.

*Bellamy & Bellamy,* and *A. J. Marshall,* for the plaintiff.
*E. K. Bryan,* and *Rountree & Carr,* for the defendant.

CLARK, J. This is an action for damages for injuries sustained by plaintiff's testator, which, it is alleged, resulted some months later in his death. The answer denies that the injury was caused by the negligence of the defendant, and also that it caused his death. The issue thus raised has not been passed upon by the jury. The issue submitted and found affirmatively—"Was the plaintiff's testator *injured* by the negligence of the defendant?"—does not find that

such injury caused the death, but by implication at least finds that it did not. . If the injury caused the death, this action is maintainable by virtue of The Code, sec. 1498, which changed the common law in such cases, *Killian v. Railroad,* 128 N. C., 261. If, however, nothing more appears than that the testator was injured by defendant (as found by the jury), and has since died (as appears by admission of administration), the action is not maintainable. The Code, sec. 1491 (2); *Harper v. Commissioners,* 123 N. C., 118.

With that material allegation denied by the answer and not passed upon by the jury, no judgment can be entered. It is true, that if all the points raised can be presented to the jury upon the issues submitted, they will be deemed sufficient, but such is not the case when, as here, the verdict is not a sufficient basis for a judgment. *Redmond v. Chandley,* 119 N. C., 575; *Tucker v. Satterthwaite,* 120 N. C.,118. and cases cited. By the addition made to the case on appeal by the Judge it appears that the issues were not seen by him, having been agreed upon by counsel at a previous term. This shows that there was mere inadvertence by his Honor, who did not himself frame the issues, but this does not cure the defect. Usually it is not appealable error when additional or proper issues are not asked. That is true as to errors on the trial, which can not be considered unless set out in the case on appeal and duly excepted to. But the insufficiency of the verdict, "the facts found," to support the judgment is a defect upon the face of the record proper, which is presented for review, since the appeal is of itself an exception to the judgment. The omission of a vital issue is not cured by the charge of the Court, for there is no finding by the jury. This renders it unnecessary to consider the other exceptions, since they may not arise on another trial.

New trial.