PEARCE v. FISHER.

(Filed November 10, 1903.)

ISSUES—*Damages—Trial.*

In an action by a tenant against his landlord and another tenant for damages caused by water leaking from a pipe it was error to submit the issue as to whether the plaintiff was injured by the defendants, or either of them, as an affirmative answer thereto would be indefinite.

ACTION by O. F. Pearce against B. J. Fisher and another, heard by Judge *Thomas A. McNeill* and a jury at September Term, 1902, of the Superior Court of GUILFORD County. From a judgment for the plaintiff the defendants appealed.

*Scales, Taylor & Scales,* for the plaintiff.
*W. P. Bynum, Jr.,* and *J. N. Staples,* for the defendant.

WALKER, J. This action was brought by the plaintiff to recover damages for injury to his stock of goods alleged to have been caused by the negligence of the defendants.

PEARCE *v.* FISHER.

In his complaint the plaintiff alleges that he leased from the defendant Fisher a store-room in Greensboro and conducted therein a mercantile business. That some time after the lease was made to him the defendant Fisher leased the rooms above the said store-room in the same building, to his co-defendant Clegg, for use as a hotel. That the defendants negligently permitted the plumbing in the rooms so leased to Clegg to become defective and leaky, so that the water escaped from the pipes and tub in the bath-room over the plaintiff's store and ran down upon his stock of goods, whereby the same was greatly damaged. The defendants denied the material allegations of the complaint. At the trial the plaintiff tendered certain issues for submission to the jury, which the Court refused to accept. In this ruling we concur, as the issues contained for the most part merely evidentiary facts and not the ultimate facts necessary to determine the rights and liabilities of the parties. But we think the Court erred in submitting the first issue to the jury, which was as follows:

Was the plaintiff injured by the defendants, or either of them, as alleged in the complaint?

The jury answered the issue "Yes." How can this Court decide from the verdict, as thus rendered, whether the jury intended to say that the plaintiff was injured by both of the defendants or by only one of them? To construe the verdict either way would be the merest conjecture. The answer of the jury to the issue would be just as appropriate if only one of the defendants had caused the injury, as it would be if by joint action they had caused it. It is impossible, therefore, for the Court to ascertain from the verdict, with any degree of certainty, the necessary facts upon which to base a judgment. Issues should not be submitted in such a way that when they are answered it will be left doubtful as to what the jury have found with respect to the liability of the

parties. The defendants excepted to this issue when it was submitted by the Court, and the exception must be sustained, for we think the verdict as it now stands is insufficient as the basis of a judgment. *Hatcher v. Dabbs,* at this term; *Strauss v. Wilmington,* 129 N. C., 99; *Tucker v. Satterlhwaite,* 120 N. C., 118.

We would suggest that a separte issue be submitted as to each of the defendants, so that there will be no confusion or uncertainty hereafter as to what the jury have decided. This would seem to be the proper course for another reason, that the liability of the defendant Fisher may depend upon facts and legal principles quite different from those which will determine the liability of the other defendant, and with separate issues the jury will be better able to apply the law to the facts as to each of the defendants.

There can, of course, be but one assessment of damages—one satisfaction for the wrong, if any has been committed.

For the error in submitting the issue the verdict and judgment must be set aside and a new trial awarded.

New trial.