W. W. S. WATERS v. THE DENNIS SIMMONS LUMBER COMPANY.

(Filed 22 February, 1911.)

1. Trespass—Possession—Superior Title.

Though trespass is a personal and possessory action, the law adjudges the possession to be in him who has the superior title, when neither party has the actual possession at the time of the alleged unlawful entry.

2. Trespass—Calls—Description—Punctuation—Established Lines—Interpretation of Deeds.

In an action of trespass on lands, the question of defendant's unlawful entry depended, under the construction of the calls in a

grant under which he claims title, upon the question whether the second call was controlled by a call to the "Morris line" according to the following description: "Beginning at a pine on W. Creek or Gum Swamp at L.'s corner (this point being admitted), running thence south 41½ degrees west 12⅗ chains; thence south 20½ degrees west 18¼ chains, along Morris's line south 16½ chains," etc. The plaintiff contends that the second call should be run with the Morris line, making a difference of 92 degrees in the two courses: *Held,* (1) the first call not mentioning the "Morris line," makes it probable, at least, that it was not to reach that line; (2) it was not intended that the second call should be "along the Morris line," as the words quoted are separated by a comma from those of the second call, and qualify the third call for course and distance, there also being evidence that the description fits a location of the "Morris line" under the third call; therefore, (3) the rule that, under certain conditions, a call for an established line of an adjoining tract of land will control a conflicting call for course and distance has no application.

APPEAL by plaintiff from *J. S. Adams, J.,* at October Term, 1910, of WASHINGTON.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Walker.*

*Ward & Grimes for plaintiff.*
*Gaylord & Gaylord for defendant.*

WALKER, J. This action was brought to recover damages for a trespass on land. While trespass is a personal and possessory action, if neither party has the actual possession at the time of an alleged unlawful entry, the law adjudges the possession to be in him who has the superior title. *McCormick v. Monroe,* 46 N. C., 13; *Drake v. Howell,* 133 N. C., 162; *Gordner v. Lumber Co.,* 144 N. C., 110. There being no evidence of actual possession, the plaintiff sought to recover by reason of his constructive possession arising from the title which he alleges had been acquired and was held by him at the time of the defendant's entry upon the land, under a grant issued by the State to him 20 November, 1890. The defendant justified under a grant issued to Harry W. Stubbs, 18 August, 1887, he having acquired the title of the grantee by mesne conveyances.

The plaintiff's grant included the *locus in quo.* It was admitted that the Stubbs grant also covered the *locus in quo,* if its lines and boundaries had been correctly located and run as shown on the blue map, and that the defendant's entry in that event was lawful; but the plaintiff contended that the first call of the Stubbs grant required that the first line should be run

from Leggett's corner on Welche's Creek or Gum Swamp to the "Morris line," and the second line should not be run according to the course given in the grant, but with the "Morris line" the prescribed distance, and the other lines should be run according to the calls of the grant to the beginning. The case, therefore, turns upon the question whether the call for the

"Morris line" should control the location of the second line of the Stubbs patent. The calls in that grant are as follows: "Beginning at a pine on Welche's Creek or Gum Swamp at Luke Leggett's corner, running thence south 41½ degrees west 12⅗ chains; thence south 20½ degrees west 18¼ chains, along Morris's line south 16½ chains; thence south 10½ degrees west 18½ chains, south 15½ west 11¼ chains," and thence with the remaining calls of the grant to the first station. There was no dispute as to the beginning corner. If the second line is run as the plaintiff contends it should be, that is, with the Morris (or Carkeet) line, the course will be north 67½ west, instead of south 20½ west, which is the call of the Stubbs grant, making a difference in the two courses of 92 degrees. It also appears from the official map annexed to the grant, that the lines therein indicated were run by the surveyors, who made the survey and map, as the defendant now contends they should be.

The general rule is that in the absence of calls for natural or artificial objects or monuments, a call for a known and established line of an adjoining tract of land will control another and conflicting call for course and distance, because such a call is deemed to be the more certain. *Cherry v. Slade,* 7 N. C., 82; *Bowen v. Gaylord,* 122 N. C., 816, where many authorities are cited. See, also, *Lance v. Rumbough,* 150 N. C., 19; *Mitchell v. Welborn,* 149 N. C., 347; *Bowen v. Lumber Co.,* 153 N. C., 366; *Whitaker v. Cover,* 140 N. C., 280. There are exceptions to the general rule, as will appear in the cases cited, but they are not relevant to this discussion. The natural object or line called for must, of course, be located or identified with reasonable certainty. *Hauser v. Belton,* 32 N. C., 358. The plaintiff in this case relies upon these settled rules for the ascertainment of boundaries, but we do not think they are applicable when the language of the Stubbs grant is properly construed and the call for the Morris line is considered with reference to the context. In the first place, it should be observed that in the first call, "south 41½ degrees west 12⅗ chains," there is no mention of the Morris line; and it is at least probable that if the call was intended to reach that line, it would have been so stated. The omission, though, is not by any means conclusive

and does not fully answer the plaintiff's contention, but it may aid us to reach the true meaning of what immediately follows. It seems to us, and we so decide, that it was not intended that the second call should be "along the Morris line," as the words just quoted are separated by a comma from those of the second call and apparently qualify the third call for course and distance. There also is evidence in the case that there is a line of the Morris (or Carkeet) tract corresponding with the third call by course and distance of the Stubbs grant; but whether there is or not, the Morris line is evidently mentioned, not in the second, but in the third call, and this being so, the plaintiff's contention can derive no support from the rules of law we have stated above. While we interpret the Stubbs grant by its own language, without the aid of any extraneous facts, the evidence in the case tends most strongly, if not convincingly, to establish the correctness of our conclusion.

The court was of the opinion, and so charged the jury, that the second line of the Stubbs grant must be run according to course and distance, which should not be deflected or controlled by the call in the grant for the Morris line, that line being mentioned only in the third call. If the second line is thus run, the senior (or Stubbs) grant will cover the *locus in quo,* and the defendant had the title and, therefore, the constructive possession at the time of its actual entry upon the land. Having the right of possession and the right of property, its entry was not unlawful.

Under the instruction of the court, which we hold was correct, the verdict and judgment were properly rendered for the defendant.

No error.