MERCHANTS NATIONAL BANK v. CAROLINA BROOM COMPANY ET AL.

(Filed 5 November, 1924.)

**1. Judgments—Verdict—Appeal and Error.**

A judgment upon the verdict of the jury upon issues raised by the pleadings which are not determinative of the controversy between the parties, is erroneously entered.

**2. Same—Bills and Notes—Mortgages.**

A bank sued upon a note it had received for borrowed money secured with a chattel mortgage given to the maker by another as collateral, and one of the defendants pleaded and offered evidence tending to show that he was an innocent purchaser of the mortgaged property: *Held,* a verdict in favor of plaintiff bank on the issues of the indebtedness of its borrower, the value of the mortgaged property, and whether the plaintiff was a holder of the chattel mortgage in due course, was insufficient to sustain the judgment in plaintiff's favor.

**3. Same—Instructions—Directing Verdict.**

Where a bank in its action against the maker of a note seeks to have the property described in a chattel mortgage made by another and received by it as collateral, sold, and the proceeds applied to the payment of its note, and one of the defendants in possession pleads and offers evidence to show that he is the owner of the property by purchase, it is reversible error for the trial judge to instruct the jury that upon the evidence, if believed, the bank was the holder of the mortgage in due course, when it is conflicting as to whether the bank acquired the mortgage before it was due.

**4. Pleadings—Issues—Instructions—Appeal and Error.**

Issues not raised by the pleadings should not be submitted to the jury, but if the issue is submitted, reversible error in the instructions thereon will warrant a new trial.

APPEAL by defendant, Howell, from *Grady, J.*, at April Term, 1924, of WAKE.

Plaintiff alleges that on 17 July, 1922, defendant, Carolina Broom Company, a North Carolina corporation, executed, and defendants, George W. Byars, W. F. Brower and W. H. Crisco, endorsed a note, payable to the order of the Merchants National Bank, for $1,500, due and payable on 1 September, 1922; that said note has not been paid.

Plaintiff further alleges that at the date of the execution of said note, defendant, Carolina Broom Company, deposited with plaintiff, as security for the payment of same, a chattel mortgage on all the personal property of said company, which had been duly recorded; that by virtue of said chattel mortgage it is now the owner and entitled to the possession of the property described in said mortgage; that said property is now in the possession of defendant, I. L. Howell, who has refused to surrender the same upon demand of plaintiff.

Defendants, other than I. L. Howell, filed no answer; defendant Howell, in his answer, admitted that the property was in his possession, alleging that he bought the same from the endorsers of the note set out in the complaint, without notice of the claim of the plaintiff; he denied that plaintiff was the owner or entitled to possession of the property.

The issues submitted to the jury, with answers thereto are as follows:

"1. In what amount, if anything, are defendants, Geo. W. Byars, W. H. Crisco, W. F. Brower and Carolina Broom Company indebted to plaintiff on the note sued on? Answer: '$1,500, with interest from 1 September, 1922.'

"2. What was the value of the personal property described in the chattel mortgage on the date of seizure under claim and delivery? Answer: '$3,000.'

"3. Is the plaintiff the holder in due course of the chattel mortgage referred to in the complaint? Answer: 'Yes.'"

No exception appears in the case on appeal to these issues, nor does it appear that any other issue was tendered by defendant.

Judgment was rendered upon this verdict that plaintiff recover of defendants, Carolina Broom Company, Geo. W. Byars and W. F. Brower (defendant Crisco not having been served with summons) primarily the sum of $1,500, interest and costs, and of defendants, I. L. Howell and S. M. Powell, surety on his undertaking for the replevy of the personal property, seized by the sheriff under a writ of claim and delivery issued in this action, the sum of three thousand dollars, to be discharged upon the payment of $1,500, interest and costs, their liability for said sum being declared secondary.

From this judgment defendant, I. L. Howell, appealed.

BANK *v.* BROOM CO.

*Albert L. Cox and Carroll W. Weathers for plaintiff.*
*B. Ray Olive and S. Brown Shepherd for defendant.*

CONNOR, J. The court instructed the jury that if they found the facts to be as testified by all the witnesses they should answer the first issue, "$1,500, with interest from 1 September, 1922"; the second issue, "$3,000"; and the third issue "Yes." Defendant excepted to this instruction and assigns same as error. Defendant also excepted to the judgment signed, and assigns same as error.

The vital issue between plaintiff and defendant, I. L. Howell, was not submitted to the jury. There is no admission in the pleadings or in the record which determines the issue raised by the allegation in the complaint that plaintiff is the owner and entitled to possession of the property, and the denial in the answer of defendant Howell. With this material allegation denied by the answer, and not passed upon by the jury, no judgment can be entered in this action. The controversy between the parties with respect to this issue has not been and could not be determined by the answers to the issues submitted. The verdict is insufficient to support a judgment, for no facts are found determinative of this controversy. This is a defect upon the record which is presented to this Court for review by the appeal, and although no exception appears to have been taken to the issues as submitted and no other issue tendered by appellant, a new trial must be ordered. Upon the pleadings, an issue must be submitted to and answered by the jury, substantially as follows:

"Is plaintiff the owner and entitled to possession of the personal property described in the chattel mortgage, as alleged in the complaint?" *Strauss v. Wilmington,* 129 N. C., 99; *Hatcher v. Dabbs,* 133 N. C., 241; *Pearce v. Fisher,* 133 N. C., 335; *Spruill v. Davenport,* 178 N. C., 366.

As there must be a new trial of this action, it may be needless to discuss or pass upon the assignments of error made by defendant. However, we deem it proper to consider the exception to the instruction of the court that if the jury finds the facts to be as testified to by all the witnesses they should answer the third issue "Yes."

The chattel mortgage relied upon by plaintiff to support its allegation of ownership of the property described in the complaint, was executed by the Carolina Broom Company, a corporation, on 2 March 1920, to M. A. Griffin, J. G. Jacobs and M. R. Medlin to secure a note payable to them for $2,500, due 1 June, 1920; this mortgage was transferred without recourse by the payees to George W. Byars, president of the corporation on 7 July, 1921 and on that date credits aggregating $2,669.30, dated 24 July, 1920, 8 September, 1920, 12 September, 1920 and 7 July,

1921 were endorsed thereon; on 4 October, 1921 the Carolina Broom Company was dissolved; the note upon which this action was brought was executed on 17 July, 1922, and when the chattel mortgage was deposited with plaintiff, as now appears from the evidence, the debt secured thereby was long past due and the mortgage itself showed that payments had been made thereon aggregating $2,669.30. There is evidence that the $1,500 note, dated 17 July, 1922, was in renewal of a note theretofore executed by the makers payable to the plaintiff but there is no evidence of the date on which the original indebtedness to the plaintiff was contracted.

There was error in the instruction of the court with respect to the third issue. This issue, however, is not raised by the pleadings and should not be submitted upon the new trial.

New trial.