CHAPMAN-HUNT COMPANY, Inc., v. HAYWOOD COUNTY BOARD
OF EDUCATION.

(Filed 18 December, 1929.)

1. **Schools and School Districts C d—Issue of acceptance of school building by county superintendent should be submitted in action on contract for construction.**

 Where the county board of education is sued by a contractor for balance due under contract for the construction of a school building, it is required by C. S., 5415, that the building be inspected, received and approved by the county superintendent of public instruction, and when it appears that the jury has not had an appropriate issue on this question submitted to them a new trial will be granted so that this fact may be determined.

2. **Trial F a—Issues should establish facts sufficient for rendition of judgment.**

 Issues submitted to the jury and their answers thereto should establish facts sufficient to enable the court to proceed to judgment.

APPEAL by defendant from *Grady, J.,* at August Special Term, 1929, of HAYWOOD.

Civil action to recover the balance alleged to be due on a building contract.

Plaintiff alleges that on 21 April, 1924, it entered into a contract with the defendant whereby it agreed to erect a new school building and gymnasium at Waynesville, N. C., for the sum of $73,000; that said buildings have been completed, according to plans and specifications furnished by the architect, inspected and approved by the architect, and accepted by the defendant, and that a balance of $900 remains unpaid on said work.

Upon denial of liability, and issues joined, the jury returned the following verdict:

"1. Was the school building in question inspected, approved and received by the architect in charge, as alleged in the complaint? Answer: Yes.

"2. What amount, if anything, is the plaintiff entitled to recover of the defendant? Answer: $900, with interest."

From a judgment on the verdict in favor of the plaintiff, with the following clause inserted therein, "It was admitted that the county superintendent did not inspect, receive and approve said schoolhouse, as provided by section 5468, N. C. Code of 1927," the defendant appeals, assigning errors.

*T. Lanier and J. W. Ferguson for plaintiff.*
*T. A. Clark and Alley & Alley for defendant.*

STACY, C. J. Plaintiff alleges that the buildings in question have been completed and accepted by the defendant. This is denied. It is provided by C. S., 5415, among other things, that all new school buildings "shall be inspected, received and approved by the county superintendent of public instruction before full payment is made therefor." The issues submitted to the jury, therefore, are insufficient to support the judgment, as they are not determinative of the controversy. The crucial fact of liability is yet undecided. For this reason, a new trial must be awarded. *Bank v. Broom Co.,* 188 N. C., 508, 125 S. E., 12; *Holler v. Tel. Co.,* 149 N. C., 336, 63 S. E., 92; *Strauss v. Wilmington,* 129 N. C., 99, 39 S. E., 772; *Tucker v. Satterthwaite,* 120 N. C., 118, 27 S. E., 45.

A verdict, whether upon one or many issues, should establish facts sufficient to enable the court to proceed to judgment. *McAdoo v. R. R.,* 105 N. C., 140, 11 S. E., 316; *Emery v. R. R.,* 102 N. C., 209, 9 S. E., 139.

New trial.