### W. E. WOOD v. AVERY JONES.

(Filed 19 February, 1930.)

**Trial F a—Where it appears that one of the issues submitted to the jury was ambiguous a new trial will be awarded.**

Where issues of negligence, contributory negligence, and damages are submitted to the jury in a personal injury action, and the jury answers the first two in the affirmative and awards damages, a new trial will be awarded on appeal if it appears, in the light of the record, that the second issue was ambiguous.

APPEAL by defendant from *Sinclair, J.*, and a jury, at November Term, 1929, of PASQUOTANK. New trial.

The issues submitted to the jury and their answers thereto were as follows:

"1. Was the plaintiff injured by the negligence of the defendant as alleged? Answer: Yes.

2. Did the defendant by his own negligence contribute to his injury? Answer: Yes.

3. What damages, if any, is plaintiff entitled to recover? Answer: $250."

The court below on the verdict as rendered gave judgment in favor of plaintiff. Defendant excepted and assigned error and appealed to the Supreme Court.

*Aydlett & Simpson for plaintiff.*
*Ehringhaus & Hall for defendant.*

CLARKSON, J.   In the light of the record, we think the second issue ambiguous, and no judgment should have been rendered on the verdict. 27 R. C. L., under "Verdict," p. 858, part·sec. 30, speaking to the subject, says: "A verdict should be certain and import a definite meaning free from ambiguity.   The jury cannot find both for the plaintiff and the defendant on the same issue, as for instance, by a verdict giving the plaintiff damages and finding the defendant not guilty.   And a verdict which is too uncertain or indefinite to be construed either as a general or special verdict may be rejected by the court as meaningless and of no effect."   In *Rankin v. Oates,* 183 N. C., at p. 518, it is said: "The court was without authority to reverse the jury's finding on the second issue, answer it himself, and then render judgment on the verdict as amended. *Garland v. Arrowood,* 177 N. C., 373; *Sprinkle v. Wellborn,* 140 N. C., 163; *Hemphill v. Hemphill,* 99 N. C., 436."   See *Bartholomew v. Parrish,* 186 N. C., 81; *Lumber Co. v. Lumber Co.,* 187 N. C., 417; *Alston v. Alston,* 189 N. C., 299; *Sitterson v. Sitterson,* 191 N. C., 319.   There must be a

New trial.