MAX PLOTKIN v. THE REALTY BOND COMPANY.

(Filed 8 April, 1931.)

1. **Trial G b—Where verdict is conflicting or not determinative of controversy a new trial will be awarded.**

   Where the jury's answer to the issues submitted are conflicting in their result, or are not determinative of the controversy, on appeal from a judgment entered thereon a new trial will be granted.

2. **Deeds and Conveyances D e—Answer to issues as to boundaries held conflicting and not determinative of controversy.**

   Where in an action to recover damages for breach of warranty of seizin in a deed and fraud in the sale of lands the case is submitted on the issue as to whether defendant agreed to deliver the land within certain boundaries beyond those set out in the deed, and as to whether the description in the deed was due to mutual mistake, an affirmative answer to the first issue and a negative answer to the second are conflicting and do not establish facts sufficient for the court to proceed to judgment, and on appeal by defendant from judgment in plaintiff's favor awarding damages, a new trial will be ordered.

APPEAL by defendant from *Clement, J.,* at November Term, 1930, of FORSYTH.

Civil action to recover damages (1) for breach of covenant of seizin, and (2) for fraud in the sale of a lot of land, tried on the following controverted issues:

"3. Did the defendant contract and agree to deliver to the plaintiff the land described in the line, as shown from H to E, to G, to F, to B, to J, and back to H? Answer: Yes.

"4. If not, was the description set out in the deed due to a mutual mistake between the parties, as alleged in the answer? Answer: No.

"5. What amount of damages is the plaintiff entitled to recover of the defendant? Answer: $500."

From a judgment on the verdict in favor of plaintiff, the defendant appeals, assigning errors.

*J. M. Wells, Jr., and Jno. C. Wallace for plaintiff.*
*Ingle & Rucker for defendant.*

STACY, C. J. The issues are either in conflict or they are not determinative of the controversy. For this reason a new trial must be awarded. *Bank v. Broom Co.,* 188 N. C., 508, 125 S. E., 12.

The third issue was apparently answered on the principle announced in *Person v. Rountree,* 2 N. C., 378, and consistently followed in this jurisdiction, that a grantee of lands will take according to the boundaries actually surveyed and pointed out at the time, notwithstanding a mistaken description inserted in the deed *(Clarke v. Aldridge,* 162 N. C., 326, 78 S. E., 216), but the answer to the fourth issue seems to negative this theory. *Wood v. Jones,* 198 N. C., 356, 151 S. E., 732.

It is conceded that the calls in the deed do not carry the description to the boundaries named in the third issue, and the question of alleged fraud was not submitted to the jury. Two causes of action are set out in the complaint, but the verdict, as it stands, establishes neither of them. Hence, the trial is inconclusive in its effect. *Holler v. Tel. Co.,* 149 N. C., 336, 63 S. E., 92. A verdict, whether upon one or many issues, should establish facts sufficient to enable the court to proceed to judgment. *Chapman-Hunt Co. v. Board of Education,* 198 N. C., 111, 150 S. E., 713.

New trial.