T. M. STANBACK, ADMINISTRATOR OF THE ESTATE OF T. C. INGRAM, DE-
CEASED, v. ANNIE HAYWOOD, WIDOW OF W. F. HAYWOOD, C. T. HAY-
WOOD AND HIS WIFE, MYRTLE HAYWOOD, D. C. HAYWOOD AND HIS
WIFE, ADNA HAYWOOD, ET AL.

(Filed 8 April, 1936.)

**Trial F a—New trial will be awarded where issues submitted by court are
insufficient to present all material questions raised by pleadings.**

In this action to foreclose a mortgage, and recover any deficiency after
sale, defendants alleged that contemporaneously with the execution of the
notes and mortgage, the mortgagee agreed with defendants by parol not
to foreclose the mortgage, but to accept a reconveyance of the land and
cancel the notes if defendants were unable to pay same. Issues as to
the execution of the notes and mortgage, the existence of the parol agree-
ment, and indebtedness, were submitted to the jury. *Held:* A new trial
must be awarded on plaintiff's exceptions to the issues and to the judg-
ment rendered thereon, since the issues submitted are insufficient to sup-
port the judgment, in that the issues did not require defendants to prove,
or afforded plaintiff opportunity to disprove, that defendants were unable
to pay the balance due on the notes, which, under the pleadings and evi-
dence, was a condition precedent to defendants' right to have the notes
canceled upon a reconveyance of the land, C. S., 584.

STACY, C. J., and CLARKSON, J., concur.

APPEAL by the plaintiff from *Clement, J.,* at September Term, 1935,
of MONTGOMERY. New trial.

*Armstrong & Armstrong for plaintiff, appellant.*
*R. T. Poole, M. C. Lisk, Lee Smith, and R. L. Smith & Sons for
defendants, appellees.*

SCHENCK, J. This was a suit to foreclose a mortgage for $16,000,
given to the plaintiff's intestate by the defendants to secure eight notes
for $2,000 each, four of which have been paid, and to collect any defi-
ciency after application to the debt of the amount received from the
foreclosure sale.

The defendants in their answer admitted the execution of the notes
and mortgage referred to in plaintiff's complaint, and in their further
defense alleged that contemporaneously with the execution of said notes
and mortgage a parol agreement was entered into between them and the
plaintiff's intestate to the effect that in the event the defendants were
unable to pay the balance due on said notes, said intestate would not
foreclose said mortgage, but would accept in full satisfaction of any
such balance due a reconveyance to him of the land described in the
mortgage securing the notes, which were given for the purchase price of
said land.

The court submitted the following issues:

"1. Did the defendants execute the notes and mortgage set out in the complaint?

"2. Did T. C. Ingram, the original plaintiff, agree at the time of the consummation of the trade with the defendants that he would, in the event defendants were unable to pay the notes given for said land, accept the land in payment of said notes, as alleged in the answer?

"3. What amount, if any, are the defendants indebted to the plaintiff?"

To the submission of the foregoing issues the plaintiff reserved exception.

The jury answered the first issue "Yes," the second issue "Yes," and the third issue, "None, except the land," whereupon the court entered judgment to the effect that the heirs at law of the plaintiff's intestate were the owners and entitled to the possession of the land described in the complaint, and directing the defendants to make conveyance accordingly, and that the defendants were entitled to have the notes secured by the mortgage canceled and directing the plaintiff to surrender the same. To the signing of this judgment the plaintiff reserved exception.

The exception to the issues submitted should have been sustained for the reason that, under the issues submitted, no requirement was made of the defendants to prove, and no opportunity afforded the plaintiff to disprove, that the defendants were unable to pay the balance due on the notes. This was a vital issue between the defendants and the plaintiff, concerning which there were no admissions in the pleadings or record.

"Section 395 of The Code (C. S., 584) is mandatory, and binding equally upon the court and counsel, and it is the duty of the trial judge, either of his own motion or at the suggestion of counsel, to submit such issues as are necessary to settle the material controversies arising on the pleadings. In the absence of such issues, or equivalent admissions of record sufficient to reasonably justify a judgment rendered thereon, this Court will order a new trial." 1 Syllabus of *Tucker v. Satterthwaite,* 120 N. C., 118.

"It is within the sound discretion of the trial judge to determine what issues shall be submitted, and to frame them subject to the restrictions, first, that only issues of fact raised by the pleadings are submitted; secondly, that the verdict constitutes a sufficient basis for a judgment; and thirdly, that it does not appear that a party was debarred for want of an additional issue or issues of the opportunity to present to the jury some view of the law arising out of the evidence." *Redmond v. Chandley,* 119 N. C., 575. See, also, *Bank v. Broom Co.,* 188 N. C., 508.

The exception to the judgment should have been sustained, since the verdict, in the absence of any finding by the jury that the defendants

were unable to pay the balance due on the notes, was not sufficient to support the judgment.

"The insufficiency of the verdict, 'the facts found,' to support the judgment is a defect upon the face of the record proper which is presented for review, since the appeal is of itself an exception to the judgment. The omission of a vital issue is not cured by the charge of the court, for there is no finding by the jury." *Strauss v. Wilmington,* 129 N. C., 99.

The issues submitted to the jury were insufficient to support the judgment for the reason that they were only partially determinative of the controversy between the parties. The essential fact of the defendants' inability to pay the balance due on the notes is still undetermined. For this reason a new trial must be awarded. *Chapman-Hunt Company v. Board of Education,* 198 N. C., 111, and cases there cited.

If it should be thought that the allegations of the further answer are not sufficient to make the inability of the defendants to pay the balance due on the notes a condition precedent to their right to recover the land and have the notes canceled, and for that reason an issue as to such inability did not arise on the pleadings, it would seem that the further answer would be subject to dismissal, since all of the evidence relative to the alleged contemporaneous oral agreement tended to show that such inability was an essential condition of such agreement. Any doubt as to the sufficiency of the allegations of the further answer, relative to the inability of the defendants to pay any balance due on the notes, may be removed by appropriate amendment.

The view we take of the two exceptions discussed renders it unnecessary for us to consider the other exceptions in the record.

New trial.

STACY, C. J., concurs on the ground the contemporaneous oral agreement, as alleged in the answer, runs counter to the terms of the written instruments (*Coral Gables v. Ayres,* 208 N. C., 426, 181 S. E., 263), and, further, the evidence offered in support of said alleged contemporaneous oral agreement is not sufficient to carry the issue to the jury. *Brown v. Kinsey,* 81 N. C., 245.

CLARKSON, J., concurs on the ground that the evidence was admissible to show an agreed mode of payment and discharge other than specified in the bond, and the evidence was sufficient to be submitted to the jury.

In *Evans v. Freeman,* 142 N. C., 61 (62-3), the evidence was that, "It was a part of the agreement at the time the note was given that it should be paid out of the proceeds of the sale of the stock-feeder." At p. 64, *Walker, J.,* says: "But this rule applies only when the entire

contract has been reduced to writing, for if merely a part has been written, and the other part has been left in parol, it is competent to establish the latter part by oral evidence, provided it does not conflict with what has been written."

In *Bank v. Winslow,* 193 N. C., 470 (*Brogden, J.*), the note was to be paid from the sale of peanuts. In *Justice v. Coxe,* 198 N. C., 263 (266), (*Connor, J.*) : "The contract, which defendant alleged in his answer was entered into by and between him and the plaintiff contemporaneously with the execution of the notes, was, in effect, that defendant should be discharged of liability upon his conveyance of the land to George W. Knight, Edward Higgins, and Samuel Puleston, and upon their assumption of the notes." *Stockton v. Lenoir Co.,* 201 N. C., 88; *Stack v. Stack,* 203 N. C., 498. *Wilson v. Allsbrook,* 203 N. C., 498 (*Stacy, C. J.*), the note "was to be paid from rents collected by the defendant." In *Kindler v. Trust Co.,* 204 N. C., 198 (201), citing numerous authorities, *Adams, J.,* says: "In proper cases it may be shown by parol evidence that an obligation was to be assumed only upon a certain contingency, or that payment should be made out of a particular fund or otherwise discharged in a certain way, or that specified credits should be allowed."

In *Trust Co. v. Wilder,* 206 N. C., 124 (125), we find: "Liberally construed, the defendants allege that they executed the notes as trustees for the plaintiff, receiving no consideration, and with the agreement that the notes were to be paid out of the proceeds of the sale of land. These allegations invoke the principles applied in *Evans v. Freeman, supra, et al.*" *Galloway v. Thrash,* 207 N. C., 165; *Bank v. Rosenstein,* 207 N. C., 529.