T. L. EDGE ET AL. v. NORTH STATE FELDSPAR CORPORATION.

(Filed 13 October, 1937.)

1. **Reformation of Instruments § 11—Verdict held fatally defective as being in the alternative.**

    In a suit for reformation, an issue whether the clause sought to be inserted by plaintiff was omitted from the deed "by mutual mistake or by the fraud of grantee" is defective as being in the alternative, and on appeal from judgment entered on an affirmative answer thereto a new trial will be awarded, since the verdict is uncertain and establishes neither proposition with definiteness.

2. **Trial § 37—**

    Two distinct propositions, to which different answers might be returned, should not be submitted to the jury in one issue, and where such propositions are submitted in the alternative in one issue, an affirmative answer thereto is fatally defective for uncertainty and ambiguity.

3. **Same—**

    While a verdict will be interpreted with reference to the pleadings, evidence, admissions of the parties, and charge of the court, an affirmative answer to an issue embodying two separate propositions in the alternative cannot be made definite by such interpretation.

APPEAL by defendant from *Clement, J.,* at January Term, 1937, of YANCEY.

Civil action to reform deed and to declare rights of parties under the deed as reformed.

On 22 May, 1923, plaintiffs executed and delivered to defendant deed for mill site situated in Yancey County, containing about an acre of land, and it is alleged that a reverter clause, in case the mill ceased to operate, was omitted through the mutual mistake of the parties.

On the trial, plaintiff was allowed to amend so as to allege that the omission was occasioned by the fraud of the grantee.

The jury returned the following verdict:

"Was the provision that the property conveyed in the deed should revert to the grantors when the mill ceased to operate omitted from the deed of T. L. Edge and wife, Bessie Edge, to the North State Feldspar Corporation by mutual mistake or by the fraud of the grantee? Answer: 'Yes.'"

There was a judgment on the verdict, from which the defendant appeals, assigning errors.

*Charles Hutchins and Watson & Fouts for plaintiffs, appellees.*
*J. W. Ragland and G. D. Bailey for defendant, appellant.*

STACY, C. J. The verdict is uncertain or ambiguous. *Wood v. Jones,* 198 N. C., 356, 151 S. E., 732. It is in the alternative. *Pearce v. Fisher,* 133 N. C., 333, 45 S. E., 638. Its inconclusiveness necessitates another hearing. *Plotkin v. Bond Co.,* 200 N. C., 590, 157 S. E., 870; *Bank v. Broom Co.,* 188 N. C., 508, 125 S. E., 12.; *Holler v. Tel. Co.,* 149 N. C., 336, 63 S. E., 92. "A verdict finding matter uncertainly or ambiguously, is insufficient, and no judgment shall be given thereon." Coke on Littleton, 227, quoted with approval in *Crews v. Crews,* 64 N. C., 536. "It is misleading to embody in one issue two propositions as to which the jury might give different responses." *Emery v. R. R.,* 102 N. C., 209, 9 S. E., 139; *Carey v. Carey,* 108 N. C., 267, 12 S. E., 1038; *Mfg. Co. v. Assur. Co.,* 106 N. C., 28, 10 S. E., 1057; *DeHart v. Jenkins,* 211 N. C., 314, 190 S. E., 218.

A verdict, whether upon one or many issues, should be certain and determinative of the controversy. *Plotkin v. Bond Co., supra; Chapman-Hunt Co. v. Board of Education,* 198 N. C., 111, 150 S. E., 713; *Bank v. Broom Co., supra; McAdoo v. R. R.,* 105 N. C., 140, 11 S. E., 316; *Emery v. R. R., supra.*

Here, the alternative verdict establishes neither proposition with certainty or definiteness, as the evidence of mutual mistake, if any, is very slight, and the sufficiency of the allegation of fraud is quite doubtful, if not deficient. *Pearce v. Fisher, supra.*

Nor is the verdict capable of interpretation so as to support the judgment *quod recuperet,* by proper reference to the pleadings, the evidence, the admissions of the parties, and the charge of the court. *Newbern v. Gordon,* 201 N. C., 317, 160 S. E., 182; *Short v. Kaltman,* 192 N. C., 154, 134 S. E., 425; *Kannan v. Assad,* 182 N. C., 77, 108 S. E., 383.

The rights of the parties have not been sufficiently determined.

New trial.