WALLACE GOODWIN v. RICHARD GREENE, F. V. WHITE, AND J. W. GRIFFIN.

(Filed 25 February, 1953.)

**1. Boundaries § 6: Trespass to Try Title § 1—**

Where the parties admit that each is the owner of the land covered by his respective deed, and the only controversy is as to the dividing line between the two adjoining tracts, the action in so far as it relates to the location of the dividing line is in effect a processioning proceeding notwithstanding plaintiff's claim for damages on the theory of trespass.

**2. Boundaries § 11—**

In a processioning proceeding, the issue should be as to the location of the true dividing line between the lands of the parties, and an issue as to whether plaintiff is the owner and entitled to possession of the lands as alleged, in connection with the court's instruction that defendant admitted plaintiff's ownership of the land, does not determine the controversy, and in the absence of a determination as to the location of the true dividing line, the subsequent issues of trespass and damage are speculative and the verdict thereon may not stand.

**3. Boundaries § 12—**

In a processioning proceeding it is the duty of the court to instruct the jury as to what constitutes the dividing line between the lands of plaintiff and defendant and to explain the law and apply it to the evidence in the case in order that the jury may correctly evaluate the evidence in locating the true dividing line.   G.S. 1-180.

**4. Boundaries § 3e—**

Where the junior deed calls for a corner or line in a prior deed as the dividing line between the adjoining tracts, the dividing line must be located from the description in the prior deed, even to the extent of reversing a call in such prior deed when necessary, before resort may be had to any call in the junior deed, and in such circumstance the question of lappage cannot arise.

**5. Boundaries § 4—**

In running a magnetic course, allowance should be made for variations in magnetic north.

APPEAL by defendants from *Halstead, Special Judge,* November Term, 1952, of CHOWAN.

Civil action to recover damages for alleged trespass.

It appears from the record that among the uncontroverted facts adduced in the trial below, are these:

(1) The plaintiff is the owner of lot No. 15, as shown on plat made by P. Matthews, Civil Engineer, of the C. R. Goodwin land, and bounded as follows:

"Beginning at an elm in the branch and corner of the Farrabault land; thence North 53 degrees East 6.25 chains to Paul Cooper's line; thence North 14½ degrees East 24 chains to the road near a chopped pine on a ditch; thence southwardly along said ditch to the run of the branch; thence Eastwardly along the run of said branch to the elm, place of beginning, and containing 16 acres."

(2) That the defendants are the owners of lots Nos. 13 and 14, as shown on the above plat, and bounded as follows:

"BEGINNING on the Monticello Road at a stake the foot of the new road; thence South 53 degrees West 40.15 chains with the Farrabault

line; thence North 14½ degrees East 24 chains to a pine; thence North 88 degrees East 26.55 chains with the said new road to the BEGINNING, containing 30 acres, more or less . . ., and being the same real estate conveyed by C. R. Goodwin and wife, Amanda M. Goodwin, to Paul Cooper by deed recorded in Book H, page 261, Chowan Register's office."

(3) The second call in the plaintiff's deed, to wit: "North 14½ degrees East 24 chains to the road near a chopped pine on a ditch," and the second call in the defendants' deed, to wit: "North 14½ degrees East 24 chains to a pine," constitutes the boundary line between the parties. This call constitutes the eastern boundary of the plaintiff's tract of land and the western boundary of the defendants' land, and this line is shown on the map referred to above as the line which divides lots Nos. 14 and 15.

(4) It is admitted that the plaintiff owns lot No. 15 as described in his complaint and hereinabove.

(5) The plaintiff claims no part of lots Nos. 13 and 14, described by metes and bounds in the defendants' deed as set forth above.

(6) No question of title is at issue.

The plaintiff alleges that the defendants have wrongfully and unlawfully entered upon his tract of land and trespassed thereon by cutting and removing therefrom valuable trees and that he has been damaged thereby in a sum not less than $500.00.

The defendants in their answer admit plaintiff owns the land described in his complaint but deny that they or either of them or their agents have trespassed upon or injured any property belonging to the plaintiff.

Prior to the trial below, a court survey of the property showing the contentions of the parties was ordered. The map or plat of lots Nos. 13, 14 and 15, referred to above; the court map; a map of the Farrabault tract of land which adjoins the lands of the plaintiff and the defendants on the south; and a map of the Paul Cooper land, now the land of the defendants, made by P. Matthews, Civil Engineer, dated 16 March, 1914, were introduced in evidence in the trial below and constitute a part of the record on this appeal.

The court map shows a line from 2 to 1, which line runs North 16 degrees East 1,580 feet, and another line from B to C which runs South 16 degrees West 1,775 feet. The line designated from 2 to 1 runs parallel with the line from B to C, and 220 feet to the East of the latter line.

It was agreed in open court "that the plaintiff's contention is that his eastern boundary is from 1 to 2, and that the defendants' contentions are that their western boundary is from B to C."

GOODWIN *v.* GREENE.

PARADISE ROAD    N 11° 10" E

A 126.4
FT. D

BEGINNING AT POINT EDGE ROAD 4346 FT. FROM MAKELY CORNER

N 55° E. 2724' FEET FROM 3" BEECH AT STATION C. GREEN ET AL CONTENTION TO STATION 2. AT PARADISE ROAD

FARRABAULT

PAUL COOPER
LAND NOW OWNED BY
DEFENDANT.

GOODWIN ROAD. SEE MAP OF SURVEY BY DAVID COX FEBY. 8, 1898.

BEGINNING AT A. N 88° 30' W. 1752 FEET TO STATION B.

220 FT.
B

N 16° E. 1580' FT. TO STATION 1.

S 16° W. 1775' FT. TO 3" BEECH - STATION C.

LAND OF PLAINTIFF
WALLACE GOODWIN

2

335.5' FEET

175'

C
A 3"
BEECH
AN OLD
STUMP

2000
1000
500
250
100

ORIGINAL SCALE  I INCH = 200 FEET

NORTH CAROLINA.
CHOWAN COUNTY.
        WALLACE GOODWIN PLAINTIFF VS. RICHARD GREENE ET AL
DEFENDANTS. SURVEYED MAY 21, 1952. PLAINTIFF'S CONTENTION BEGINS AT
STATION  1 ON GOODWIN ROAD. THENCE ALONG GOODWIN ROAD 220 FEET TO
STATION B, THENCE S.16° W. 1775 FEET TO STATION C, THENCE  N. 55° E.
335.5 FEET TO STATION 2, THENCE N.16°E. 1580  FEET TO BEGINNING.
CONTAINING 8.15 ACRES. DEFENDANTS CONTEND FOR WHOLE AREA, AS
FOLLOWS: BEGINNING AT A, THENCE TO B, THEN TO C, THEN TO D, THEN
TO A, THE PLACE OF BEGINNING. CONTAINING 37.6 ACRES.

SIGNED: W. J. BERRYMAN
COURT SURVEYOR,
EDENTON, N. C.

Both plaintiff and defendants offered oral and documentary evidence in support of their respective contentions. Issues were submitted and answered by the jury as follows:

"1. Is the plaintiff the owner, and entitled to the possession of the lands as alleged?

"Answer: Yes.

"2. Did the defendants wrongfully and unlawfully trespass on said lands, and cut and remove timber therefrom as alleged?

"Answer: Yes.

"3. What damages, if any, is the plaintiff entitled to recover of the defendants?

"Answer: $500.00."

From the judgment entered on the verdict, the defendants appeal and assign error.

*Weldon A. Hollowell and Pritchett & Cooke for plaintiff, appellee.*
*John F. White and LeRoy & Goodwin for defendants, appellants.*

DENNY, J. Since the plaintiff and the defendants are contiguous landowners, and having stipulated that the controversy between them is bottomed on a dispute as to the location of the true dividing line between their adjoining tracts of land, the action in so far as it relates to the location of such line is in effect a processioning proceeding. *Clegg v. Canady,* 217 N.C. 433, 8 S.E. 2d 246; *Cody v. England,* 216 N.C. 604, 5 S.E. 2d 833.

The defendants except to the following portions of his Honor's charge: (1) "The defendants in their allegations, in their answer, admit that the plaintiff is the owner of that tract of land described in that section of their complaint, and you will not be troubled, gentlemen of the jury, by answering the first issue in this case, that first issue being: 'Is plaintiff the owner and entitled to the possession of the lands, as alleged?' . . . that allegation having been admitted by the defendants, the Court instructs you that you will answer that first issue YES. They are the owners of that land." (Exception No. 5.) (2) "That certain tract of land that I read you a description of in the complaint, is admitted to be the property of the plaintiff, so you will have no trouble with that issue, which reads like this—Is the plaintiff the owner and entitled to the possession of the land, as alleged?—that is the description of the tract of land alleged in the complaint, and the defendants come along and filed their answer and said that is true. They admit that." (Exception No. 14.) (3) "The defendants admit in their answer that the plaintiff is the owner of the land known as the land allotted to Amanda Twine by the Commissioners in Deed Book J, page 78, and by deed in Book M, page 474, and being

the same tract described in the section two of the complaint, and the defendants are estopped to assert and show that the lands conveyed to the defendants overlap according to the map, Pat Matthews Plat, which is included in the allegations of the complaint, and if you believe all of the evidence in this cause, and by a preponderance thereof, you will answer the first issue YES. I have already gone over that with you, gentlemen, for, upon the admission by the defendants in their answer, the defendants admit title of the plaintiff to these particular lands as described in the complaint." (Exception No. 16.)

The defendants also except and assign as error the failure of the court to comply with G.S. 1-180, (a) for that the court failed to instruct the jury as to "what is the line," and placed no restrictions upon the oral testimony bearing on the location of the line (Exception No. 19); and (b) for that "the court failed to instruct the jury as to the application of the law and the effect respecting the true dividing line between the lands involved, the comparative importance which the law attaches to the different elements of description in deeds, their interrelation and the effect of the references in the deeds to the maps introduced in evidence." (Exception No. 21.)

We will discuss exceptions Nos. 5 and 14 together. There has never been any dispute between the parties about the validity of the title to their respective tracts of land. Furthermore, the plaintiff having alleged ownership of the land described in his complaint and the defendants having admitted such ownership in their answer, no issue involving plaintiff's title was raised. Therefore, the first issue should have been in substance as follows: What is the true dividing line between the lands of the plaintiff and the lands of the defendants? *Greer v. Hayes,* 216 N.C. 396, 5 S.E. 2d 169. The first issue, however, in the form submitted and the affirmative answer thereto, in light of the court's instruction on the issue, did not determine any question or controversy between the parties. *Cody v. England, supra; Plotkin v. Bond Co.,* 200 N.C. 590, 157 S.E. 870; *Chapman-Hunt Co. v. Board of Education,* 198 N.C. 111, 150 S.E. 713.

In an action in which it is necessary to locate a disputed boundary line, the verdict and judgment should establish the line with such definiteness that it can be run in accordance therewith. "Otherwise, the judgment would not sustain a plea of *res judicata* in a subsequent suit between the same parties, involving the same subject matter, but would only necessitate another suit to settle the same case." *Cody v. England, supra.* See also 11 C.J.S., Boundaries, section 120, page 733.

The evidence and judgment below leaves the parties in this case in the identical situation pointed out by *Winborne, J.,* in the last cited case. No issue was submitted or instruction given that required the jury in the

trial below to locate the true dividing line between the lands of the plaintiff and the defendants. The crucial question as to whether the plaintiff or the defendants own the land between the lines from 1 to 2 and from B to C as shown on the court map, still remains unanswered. And this question will remain unanswered unless the parties themselves agree upon and locate the true dividing line, or until a jury in a subsequent trial locates such line under proper instructions based upon competent evidence. Moreover, until the location of the true dividing line between the lands of the plaintiff and the defendants is determined in a legal manner, any verdict on the second issue with respect to trespass upon the land which lies in the disputed area between the lines shown on the court map from 1 to 2 and from B to C, will be meaningless and constitute no more than a mere guess on the part of the jury. *Cody v. England, supra.*

As to exception No. 16, the question of lappage does not arise in this case. The Paul Cooper land, now owned by the defendants, consisting of lots Nos. 13 and 14, as shown on the original plat of the division of the C. R. Goodwin land in 1898, and platted by P. Matthews, Civil Engineer, from the original plat, in February, 1918, was conveyed prior to the conveyance of lot No. 15 of that division now owned by the plaintiff. It will be noted that the first call in the plaintiff's deed is "North 53 degrees East 6.25 chains to Paul Cooper's line," and the second call is identical in course and distance with the eastern boundary line of Paul Cooper's land. The Paul Cooper line, whether more or less than 6.25 chains North 53 degrees East from the beginning corner of plaintiff's line, constitutes the eastern terminus of that call. *Tice v. Winchester,* 225 N.C. 673, 36 S.E. 2d 257; *Clegg v. Canady, supra; Waters v. Lumber Co.,* 154 N.C. 232, 70 S.E. 284; *Whitaker v. Cover,* 140 N.C. 280, 52 S.E. 581; *Cowles v. Reavis,* 109 N.C. 417, 13 S.E. 930; 11 C.J.S., Boundaries, Section 53, page 622.

As contended by the defendants in exceptions Nos. 19 and 20, it was the duty of the court to tell the jury what constituted the line between the lands of the plaintiff and the defendants, and to explain the law and apply it to the evidence in this case in order that the jury might be instructed how to evaluate the evidence in locating the true dividing line. This the court failed to do. *Greer v. Hayes, supra.*

Where a junior deed calls for a corner or line in a prior deed, if the corner or line can be ascertained and established from the description in the prior deed, it is not permissible to resort to a call in the junior deed for the purpose of establishing the call or line in the prior deed. *Bostic v. Blanton,* 232 N.C. 441, 61 S.E. 2d 443; *Belhaven v. Hodges,* 226 N.C. 485, 39 S.E. 2d 366; *Cornelison v. Hammond,* 224 N.C. 757, 32 S.E. 2d 326; *Thomas v. Hipp,* 223 N.C. 515, 27 S.E. 2d 528; *Euliss v. McAdams,*

108 N.C. 507, 13 S.E. 162; *Corn v. McCrary,* 48 N.C. 496; *Dula v. McGhee,* 34 N.C. 332; *Sasser v. Herring,* 14 N.C. 340.

In *Corn v. McCrary, supra,* Pearson, J., said: "The line of another tract which is called for, controls the course and distance, being considered the more certain description, and it makes no difference whether it is a marked or unmarked, or mathematical line . . . *provided it be the line which is called for."* Likewise, in *Dula v. McGhee, supra,* Nash, J., said: "Where a grant calls for the line of the older grant, the rule is that it must go to it unless a natural object or a marked tree is called for, and before the calls of the junior grant can be ascertained, those of the elder must be located."

Applying the above principles of law to the present case, since it is clear that the western boundary of the defendants' land is the eastern boundary of the plaintiff's land, this line must be located if possible from the description of the Paul Cooper tract of land, before it will be permissible to resort to any call in the plaintiff's deed for the purpose of establishing a corner or line in the boundary of the Paul Cooper tract, now owned by the defendants. And if any corner of the Paul Cooper land can be definitely located, the line may be reversed from that point if necessary in order to locate the lines and corners called for in that tract. *Jarvis v. Swain,* 173 N.C. 9, 91 S.E. 358; *Thomas v. Hipp, supra; Belhaven v. Hodges, supra.* In determining the location of the disputed line between the lands of the parties involved herein, proper magnetic variations since 1898 should be allowed. *Thomas v. Hipp, supra; Greer v. Hayes, supra.*

The defendants, for the reasons stated, are entitled to a new trial, and it is so ordered.

New trial.