WILLIAM E. CREASMAN AND DOROTHY MARIE CREASMAN V.
LUCILLE PATRICIA WELLS, AND DENVER WELLS

No. 7528SC99

(Filed 7 May 1975)

Boundaries § 8; Trespass to Try Title § 1—admission as to title—processioning proceeding
　　In an action to try title to real estate and to have defendants restrained and enjoined from trespassing on plaintiffs' land, defendants' admission in their answer of plaintiffs' title converted the action from one to try title into a processioning proceeding to determine the true dividing line between the lands of the respective parties, and the court did not err in failing to submit an issue of title by adverse possession.

APPEAL by defendants from McLean, Judge. Judgment entered 5 November 1974 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 9 April 1975.

This action was commenced as one to try title to real estate and to have defendants restrained and enjoined from trespassing on plaintiffs' land.

In their complaint, plaintiffs allege, among other things, that they are the fee simple owners of a parcel of land on which is located their residence, the land being particularly described in a deed to them recorded in Buncombe County Registry in deed book 1039, page 538, copy of which is attached to the complaint as Exhibit "A"; and that the feme defendant is the purported owner of an adjoining parcel of land on which is located her residence, her land being particularly described in deed recorded in said registry in deed book 979, page 538, copy of which is attached to the complaint as Exhibit "B". In their answer, defendants admit the foregoing allegations of the complaint. The deeds describe the respective lands by courses and distances.

Plaintiffs further allege that there is a driveway on their land adjacent to defendants' land, that defendants have placed obstructions in said driveway and have in other respects tres-

passed on their land. Plaintiffs asked that they be declared the fee simple owners of "the property described in their deed set forth in Paragraph 3 of the complaint", that defendants be required to remove the obstructions placed on plaintiffs' land, and that defendants be restrained and enjoined from interfering with plaintiffs' possession of their land. In their answer and amended answer, defendants allege that the driveway is on their land.

After pleadings were filed and prior to trial, a surveyor was appointed to survey the lands in question and prepare a map showing the contentions of the respective parties. Following a survey, he filed a map showing the dividing line according to plaintiffs' contentions as being from D to Y to X, and showing the dividing line according to defendants' contentions as being from C to Z to Y to X.

At trial the surveyor testified, his map was introduced as an exhibit, and one issue was submitted to, and answered by the jury, as follows:

"Is the true dividing line between the lands of the Plaintiffs and the Defendants the line D, Y, X, or C, Z, Y, X?

ANSWER: D, Y, X."

From judgment entered on the verdict in favor of plaintiffs, defendants appealed.

*Paul J. Smith for plaintiff appellees.*

*Pope & Brown, by Ronald C. Brown, for defendant appellants.*

BRITT, Judge.

Defendants' principal assignment of error is that the trial court erred "in not submitting an issue of title (in defendants) under adverse possession to the jury". We find no merit in the assignment.

In our opinion, when, in their answer, defendants admitted plaintiffs' title, this cause was converted from an action to try title into a processioning proceeding to determine the true dividing line between the lands of the respective parties. That being true, the trial court submitted the proper issue arising on the pleadings and the evidence presented.

Constructors, Inc. v. Morris

While the court was confronted with a different factual situation and additional issues in *Goodwin v. Greene*, 237 N.C. 244, 74 S.E. 2d. 630 (1953), we think the following statement by Justice (later Chief Justice) Denny, p. 249, is applicable to this case: " . . . There has never been any dispute between the parties about the validity of the title to their respective tracts of land. Furthermore, the plaintiff having alleged ownership of the land described in his complaint and the defendants having admitted such ownership in their answer, no issue involving plaintiff's title was raised. . . . "

In *Welborn v. Lumber Co.*, 238 N.C. 238, 240, 77 S.E. 2d 612 (1953), opinion by Justice (later Chief Justice) Barnhill, we find: "Title to real property is not at issue in this action. Plaintiffs and defendant admit the parties own the respective tracts claimed by them. The two tracts are contiguous and the northern boundary of the drainage district is the true dividing line. The exact location of this line is the question at issue. Realizing this, the parties entered into certain stipulations quoted in the statement of fact. These stipulations converted the trial in the court below into a processioning proceeding. . . . "

The assignment of error is overruled.

We have considered the other assignments of error brought forward and argued by defendants, but finding no merit in them, they too are overruled.

No error.

Judges HEDRICK and MARTIN concur.